JOHN G. ROGERS *vs.* PATRICK MANLEY and others.

July 1, 1891.

Conveyance — Proof of Execution — Record Copy — Misnomer of Grantor in Signature — Acknowledgment. — To prove a conveyance of land by one Charles Y. Rogers, the record of a deed was offered in evidence, in which Charles Y. Rogers was named as grantor, and the certificate of acknowledgment showed that he acknowledged its execution, but the signature of the grantor as recorded was Charles F. Roggers. This evidence, in connection with proof that for many years subsequent to the date of the execution of such deed Rogers did not assert any claim to the land, *held*, with other evidence, sufficient to justify the conclusion that he executed that deed, notwithstanding his testimony to the contrary.

Ejectment for land in Anoka county, brought in the district court for that county, and tried before *Lochren,* J., (a jury being waived,) who ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*H. H. Hawkins* and *Berryhill & Davison,* for appellant.

*Little & Nunn* and *Tilden R. Selmes,* for respondents.

DICKINSON, J. Prior to July 10, 1880, the title to the land which is the subject of this action was in *Charles Y. Rogers.* Both parties

claim to have derived title by deed from him,—the defendants, under a deed executed July 10, 1880, and recorded in the following month; the plaintiff, by deed to him from the same grantor in 1887. The issue in the case is as to whether the deed of July, 1880, was executed by Charles Y. Rogers, or was a forgery. The court, trying the case without a jury, found in favor of the genuineness of that deed. It is now claimed that this was not justified by the evidence.

We are of the opinion that the decision should be sustained. The proof of the deed in question was made by a certified copy of the record in the office of the register of deeds. In this deed, as it was recorded, Charles Y. Rogers, of Bayfield, Wisconsin, was named as grantor, and Eliza Murphy, of Minneapolis, as grantee. The signature as recorded is "*Charles F. Roggers*," but the certificate of acknowledgment names the grantor as "Charles Y. Rogers," a person well known to the officer before whom the acknowledgment was made in the county of Hennepin. Charles Y. Rogers testified in behalf of the plaintiff to the effect that he was in Duluth at the time the deed purported to have been executed; that he never resided in Bayfield, never executed the deed to Mrs. Murphy, and did not know her or her husband. On the other hand, as against the misspelling of the name *Rogers* in the recorded signature, and the fact that the middle initial of the name as recorded is *F* instead of *Y*, much weight is to be given to the fact that the name was correctly written in the body of the deed, and in the certificate of the acknowledgment by the officer, who certifies that he well knew Charles Y. Rogers to be the person described in and who executed the deed, and that he acknowledged such execution. It is further to be observed that the testimony of Rogers was such as to justify a doubt, either as to the clearness of his memory or as to his truthfulness. For instance, he testified that he did not know Mrs. Murphy, the grantee named in the deed, and did not recollect her husband, and that he did not know that they were living on this land some years prior to the date of this deed; while other testimony, if credible, shows that they were so residing on the place while Rogers was personally engaged in cutting timber on it, and that he was seen in company with Murphy. But of more importance is the fact, ad-

mitted by Rogers, (who executed the deed to the plaintiff, in 1887, for only a nominal consideration, in order that the plaintiff might prosecute this action for the real benefit of the grantor,) that he never paid taxes on the land since a time prior to the execution of the deed in question, and that he never, until recently, asserted any claim to the land. This fact, unexplained, in connection with the record of the deed, affords strong reason for the conclusion that he did not assert any claim to the land for a period of many years, *because* he had conveyed it to Mrs. Murphy. In conclusion, we repeat that we are satisfied that the evidence justified the finding of the trial court.

Order affirmed.