STATE FINANCE COMPANY, PLAINTIFF AND RESPONDENT, VS. OLAUS H. HALSTENSON AND MARY S. HODGSON, DEFENDANTS AND APPELLANTS, EDWARD J. HODGSON, SWENSEID & KNOLD, LAMB BROS. & CO., ET AL, DEFENDANTS AND RESPONDENTS.

Opinion filed January 8, 1908.

**Champerty—Foreclosure—Sheriff's Deeds.**

1. A sheriff's deed, issued on a foreclosure of a mortgage, while another is in possession of the land, is not void for champerty, when such sheriff's deed is based on a mortgage, executed before the claimant went into possession.

**Same.**

2. Such sheriff's deed is in the nature of deeds issued under judicial proceedings, and is not within the purview of the statute against champerty and maintenance.

**Same—Mortgage—Validity.**

3. The owner of land in the possession of another may properly mortgage the same without violating the statute against champerty.

**Deed—Misnomer—Proof of Identity.**

4. The dropping of an initial letter of a name in a conveyance is not such a variance or misnomer as to require extrinsic proof of the identity of the person.

**Recording Transfers—Priority.**

5. The fact that two mortgages are executed, delivered and recorded on the same day and hour is notice to a subsequent purchaser of the land to put him upon inquiry as to the actual priority of such mortgages.

**Same.**

6. The foreclosure of a mortgage, simultaneously recorded with another by advertisement, establishes nothing as to the priority of such mortgage.

**Same—Laches—Foreclosure.**

7. A delay of fourteen years before foreclosure of a mortgage is commenced does not make the mortgage claim a stale one; the statute of limitations not having run against the mortgage, and there being no fact in the case showing an intent to abandon the mortgage.

**Appeal—Bringing in New Parties—Discretion of Court.**

8. Matters pertaining to amendment of pleadings, continuances and the bringing in of the personal representatives of deceased parties

at the trial of actions are within the discretion of trial courts, and their action will not be disturbed, except in case of abuse thereof resulting in prejudice.

**Evidence—Identity of Names.**

9. Evidence examined, and *held* to show that the names Acker-land and Ackenland refer to the same person.

**Taxation—Tender—Quieting Title.**

10. Payment or tender of all just taxes paid by a party is not necessary before bringing an action to quiet title, where there was no assessment of the land on account of a failure to describe the land.

Appeal from District Court, Nelson County; *Fisk, J.*

Action by the State Finance Company against Olaus H. Halstenson and others. Judgment for plaintiff, and defendants Hodgson and Mary S. Hodgson appeal.

Affirmed.

*Skulason & Skulason,* for appellants.

Sheriff's deed was champertous. Revised Codes 1905, Section 8733; Galbreath v. Payne, 12 N. D. 164, 96 N. W. 258; Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77; Conrad v. Adler, 13 N. D. 199, 100 N. W. 722.

Where different initial letters occur in names of persons in the chain of title to realty, identity must be shown. Ambs v. Chicago, etc., 46 N. W. 321; Anderson v. Wynne, 54 N. W. 1047; Vickery v. Burton, 6 N. D. 245, 69 N. W. 193.

Mortgages contemporaneously given are deemed one instrument. Koevenig v. Schultz, 32 N. W. 320; Stanbrough v. Daniels, 42 N. W. 443; Eleventh Ward Sav. Bank v. Hay, 55 How. Pr. 444; Decker v. Boice, 83 N. Y. 215; Cain v. Hanna, 63 Ind. 408; Cochrane v. Goodell, 131 Mass. 464; Ward Sav. Bank v. Hay, 55 How. Pr. 464; Green v. Warnick, 64 N. Y. 220.

Absence of a note renders a presumption of its payment. 22 Enc. Law 589; 9 Enc. Pl. & Pr. 400; George v. Ludlow, 66 Mich. 176; Pharris v. Surrett, 54 Mo. App. 9.

*M. Conklin, Wicks, Paige & Lamb,* for respondent.

Identity of name is identity of person, although spelling varies, if sound is the same. Rogers v. Manley, 46 Minn. 403; State v. Loser, 104 N. W. 337; Find v. Manhattan R. Co., 15 Daly 479;

Mallory v. Riggs, 76 Iowa 748; 17 L. R. A. 824 note; 14 Enc. Pl. & Pr. 292, 288; Jackson v. Woodruff, 9 Cow. 141; Miner v. Boneham, 15 John 226; Claw v. Plummer, 85 Mich. 550; Smith v. Gillum, 80 Tex. 120; Dickerson v. Brady, 23 Ga. 161; State v. Stedman, 7 Port. 495; Beckwith and Beckworth, 4 Black 171; Adamson and Adanson, 7 Black 325; Kamberling and Kimberling, 4 G. Greene, 437; Bernhart and Banhart, 34 Kan. 488; Wilkerson and Wilkinson, 13 Mo. 91, 53 Am. Dec. 137; Blackenship and Blankenship, 21 Mo. 504; Owens D. Havely and Owen D. Haverly, 21 Mo. 498; Bert Samrud and Bernt Sannerud, in State v. Sannerud, 38 Minn. 229. Chamblee v. Tarbox, 27 Tex. 140.

Foreclosure by advertisement does not affect priority of mortgages. Van Aken v. Gleason, 34 Mich. 477.

Assignee of mortgages takes subject to equities. Westbrook v. Gleason, 79 N. Y. 30; Bush v. Lathrop, 22 N. Y. 535; Shaper v. Reilly, 50 N. Y. 61; Gilman v. Moody, 43 N. H. 239.

Claimant of priority of record must prove consideration. Shotwell v. Harrison, 22 Mich. 409; Landers v. Bolton, 26 Cal. 393; Fritz v. Ramspott, 79 N. W. 520; Newton v. Newton, 48 N. W. 450; Roussain v. Patten, 48 N. W. 1122; Fifield v. Norton, 82 N. W. 581; Lloyd v. Simons, 95 N. W. 903; Hoppin v. Doty, 25 Wis. 573; Proctor v. Cole, 104 Ind. 373.

Lapse of time alone is not laches. Jones on Mtgs. Sec. 558; Sis v. Boardman, 11 App. D. C. 116; Demuth v. Old Town Bank, 37 A. 266; Richey v. Sinclair, 47 N. E. 364; Cross v. Allen, 141 U. S. 528; Stevens v. Osgood, 100 N. W. 161; Burke v. Backus, 53 N. W. 458; Morris v. McClary, 46 N. W. 238.

Morgan, C. J.   This is an action to determine adverse claims to 160 acres of land in Nelson county.  The register's receipt and the patent to this land were issued in the name of Ole Ackenland.  The plaintiff claims title by virtue of a sheriff's deed, issued to it on May 13, 1903, under a foreclosure of a mortgage from Ole S. Ackerland, for the sum of $350, on July 24, 1883, to Emma B. Gove, and by her assigned to the plaintiff on February 25, 1902.  The consideration recited in the assignment was "$1 and other valuable consideration."  The defendant Mary S. Hodgson claims title under a tax deed, issued to her on July 16, 1900, and under a sheriff's deed, issued to her on January 27, 1902, on an assignment of a sheriff's certificate of sale under a mortgage for $35, given to F. T.

Day by said Ackerland on July 24, 1883, and foreclosed by advertisement on April 25, 1886, and bid in by said Day, and the certificate of sale was thereafter duly assigned by him to Mary S. Hodgson, as before stated. On September 26, 1900, said Day also delivered a quitclaim deed of said premises to said Mary S. Hodgson. Mary S. Hodgson also claims under a quitclaim deed from one Munson, who is alleged to have been the assignee of Day for the benefit of creditors. There is no deed in evidence from Day to Munson. Hence Munson's deed to Mrs. Hodgson conveyed no title, and will not be further considered. The mortgage for $350 and said mortgage for $35 were executed, acknowledged, and delivered on the same day, and filed for record on the same day and hour. There is nothing in the record showing which was first actually filed or numbered for record by the register of deeds. The $35 mortgage was given to Day for commissions for procuring the money for which the $350 mortgage was given. Said Day and one E. J. Hodgson, the husband of the defendant, Mary S. Hodgson, were jointly and equally interested in the $35 mortgage under the general custom of doing business between Day and Hodgson, by which Day procured the money for farm loans, which were made on applications sent by Hodgson to Day. Hodgson did all the work connected with the making of the loans, as well as taking care of their collection, and all commissions were equally divided between them, although the commission mortgages were in Day's name for the benefit of both of them. The defendant Halstenson went into possession of the premises in suit in 1898 and lived thereon continuously with his family after 1901, and made improvements thereon, aggregating in value over $450. He went into possession under a contract for a special warranty deed between him and said E. J. Hodgson. He was in possession of the land at the time the sheriff's deed was issued to the plaintiff under the foreclosure mentioned heretofore. Upon ascertaining that E. J. Hodgson had no title to the land when he gave this contract, Halstenson made no further payments. The contract was never canceled or rescinded. Halstenson paid the sum of $90 in cash in part payment of the purchase price. The defendants Lamb Bros. and Swenseid & Knold claim to be lienholders on account of having furnished building materials to said Halstenson, and have perfected their liens by filing the proper papers. The trial court ordered judgment for the plaintiff, quieting the title, and disallowed the claims of all the defendants to

the land. The defendants Halstenson and Mary S. Hodgson have appealed and demand a trial de novo under section 7229, Rev. Codes 1905.

The appellants contend that the judgment of the district court is erroneous for the following reasons: (1) That the sheriff's deed to the plaintiff was void as to Halstenson as a champertous deed, he having been in possession of the land when the same was issued; (2) that the plaintiff acquired no title to the land, for the reason that the mortgage foreclosed by it was given to one Ackerland and the land was patented to one Ackenland; (3) that the mortgage under which the defendant Mary S. Hodgson acquired title was prior to the mortgage under which the plaintiff acquired its title; (4) that the claim under which plaintiff acquired title is stale, and a court of equity should not entertain the same, but should presume that the same had been paid and satisfied; (5) that the trial court erred in refusing to allow an amendment to defendant Halstenson's answer, setting forth the value of the improvements placed on the land by him; (6) that the trial court erred in not substituting the personal representative of E. J. Hodgson, deceased, as a party on the suggestion of counsel for Halstenson and Mary S. Hodgson; (7) that the court erred in decreeing the tax deeds invalid without a tender or payment of all just taxes. The claim of maintenance or champerty as to the sheriff's deed to the plaintiff while Halstenson was in possession cannot be sustained. Plaintiff's title was derived through a foreclosure of mortgage from the owner of the land. Section 8734, Rev. Codes 1905, expressly authorizes the giving of a mortgage upon land adversely held by another. Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258. The deed was given pursuant to the mortgage given by the owner of the land before Halstenson went into possession. Deeds given while possession is so held are not deemed champertous, and possession under such deeds is not adverse, when based upon the mortgage. Halstenson's possession was based on a contract for a deed from E. J. Hodgson. Hodgson had not any title to the land when the contract was given. For that reason Halstenson had no rights to the land, as Hodgson had nothing to convey. Halstenson's possession did not therefore make the sheriff's deed champertous under section 7002, Rev. Codes 1899. Sheriff's deeds given pursuant to foreclosure sales do not come within the application of said section. They are in the nature of

judicial sales, which are never held void under said section.   5 Enc. of L. p. 84, and cases cited.

The contention that Hodgson held title under tax certificate and tax deeds is not borne out by the evidence.   The allegations of the answer are not sustained as to payment of taxes or as to the ownership of the land under tax deeds.

It is next claimed that the plaintiff has not title to the land for the reason that the mortgage under which it claims was given by Ole S. Ackerland, while the title is shown to have been in Ole Ackenland.   It is claimed as a matter of law that the mortgagor in this mortgage is not the same person that held the legal title.   Unexplained, there would be force in the contention.   But the record shows sufficient facts to overthrow the contention.   It is shown that Ole Ackerland was the entryman under the land laws, and was then known under the name of Ackerland.   It is also shown that Ackerland was in possession of the land when the mortgage was given. It further appears as a circumstance having some bearing on the identity of the person giving these mortgages that the original papers from the United States government are produced by the plaintiff.   The receiver's certificate was issued on July 23, 1883, and the mortgages were given on July 24th.   No person by the name of Ackenland has made any claim to the land, nor is he shown to have been in any way connected with the land or title during the lapse of about 24 years.   Further, in the body of the mortgage we find the name of Ole S. Ackerland as mortgagor.   The notary certifies that Ole S. Ackenland, who appeared before him, is known to him to be the person who signed the mortgage.   This was a statement by the notary that Ole S. Ackerland and Ole S. Ackenland are the same person.   Under these facts we think it is shown that no such person as Ackenland was ever the owner of the land, or in any way connected with the title thereto.   The name in the patent and register's receipt was evidently inserted by mistake.   Conceding, without deciding, that the name Ackenland is not practically the same as Ackerland, and that they are not presumed to be the same person under the doctrine of idem sonans we are satisfied from the record that the patentee of the land and the mortgagor were one and the same person.

The use of the initial "S" in the mortgages, although it was not used in the patent, is immaterial.   It is not an unusual occurence to drop an initial in writing a name, and the authorities are general

that such fact does not constitute a misnomer or variance.   Johnson v. Day, 2 N. D. 295, 50 N. W. 701; Enc. Pl. & Pr. vol. 14, 275; Newell, Ejectment, p. 586; Chamblee v. Tarbox, 27 Tex. 140, 84 Am. Dec. 614; Rogers v. Manley, 46 Minn. 403, 49 N. W. 194.   The case of Ambs v. Chicago, etc., 44 Minn. 270, 46 N W. 321, is relied on by the defendants as an authority that the presence of an initial letter in the name of a party to a deed is a variance, when the same name with a different initial appears in the chain of title, and that no presumptions will be indulged· in that the names refer to the same person.   That was a case of conveyance by persons having different initials in their names, and not a case like the one under consideration, where the initial letter in the name was dropped. Under the authorities the mere omission of the initial letter creates no doubt or suspicion as to the identity of the person, requiring extrinsic evidence to show identity.

It is claimed that defendants are entitled to judgment as the holders under the prior mortgage.   As stated before, the mortgages were executed, acknowledged, delivered, and recorded at the same time.   Plaintiff's mortgage matured four years later than the mortgage under which defendants claim.   Defendants' mortgage was foreclosed in 1886, although a deed was not issued until 1900, but the deed was issued before the plaintiff's mortgage was foreclosed. The fact that defendants' mortgage was first foreclosed, and a deed issued, is the basis of defendants' contention that they hold the title free from the lien of the plaintiff's mortgage the same as though their mortgage had been in reality a first mortgage, and that the holder of the mortgage under which plaintiff claims was barred of all rights to the land after the time for a redemption had expired, and had no rights under this mortgage, except to a pro rata distribution of the money derived from the foreclosure sale.   We cannot agree to this contention under the facts of this case.   Under the evidence, the two mortgages did not stand upon an equal footing.   The plaintiff's mortgage was a prior mortgage to that of the defendants', although both were of equal standing and priority, so far as the record is concerned.   E. J. Hodgson and Day were engaged in the mortgage loan business in Minnesota, North and South Dakota. They loaned money for eastern capitalists on commission secured by second mortgages.   These second mortgages were jointly owned by Day and Hodgson, although taken in Day's name.   Day testifies that their customary manner of doing business was to take second

mortgages for their commissions. He also testifies that the plain-
tiff's mortgage was to be a first mortgage, and the Day mortgage
for commissions was to be a second mortgage. Such was also the
testimony of Day's clerk. There is nothing to overthrow this testi-
mony, and it is competent testimony to establish the actual priority
of one mortgage over the other. The only objection to it urged by
defendants is that it only shows what was the general custom of
Day and Hodgson in taking second mortgages for commissions, and
that there is nothing to show what the parties to the mortgages
intended. Day and Hodgson were agents for Gove, the mortgagee
in the mortgage under which the plaintiff claims. Day was the
mortgagee in the mortgage under which defendants claim, and
testifies that this mortgage was to be a second mortgage to the best
of his knowledge and belief. On this question appellants further
contend that no arrangement or custom that might have existed be-
tween Day and Hodgson would be binding on Mrs. Hodgson, who
procured the deed under the foreclosure of the record mortgage. It
is claimed that she was an innocent purchaser without notice, actual
or constructive, of any priority of either mortgage. Both mort-
gages were recorded at the same time. The fact that they were
recorded at the same time showed nothing as to priority. Their
having been so recorded did not preclude either mortgage from
asserting a priority, or from having such priority established by
extrinsic evidence. Stafford v. Van Rensselaer, 9 Cow. (N .Y.)
315. A foreclosurue by advertisement determines nothing as to
the priority of mortgages recorded at the same time. Van Aken
v. Gleason, 34 Mich. 477. The fact that they were recorded at the
same time was sufficient notice to put Mrs. Hodgson or any pur-
chaser at the sale on inquiry as to priority. The record was notice
to all purchasers that either mortgagee might have a superior lien.
Having such notice through the records, Mrs. Hodgson cannot be
deemed an innocent purchaser, as the record gave her notice of
facts which should have put her upon inquiry. It is immaterial
whether her claim be based upon the sheriff's deed or upon the
quitclaim deed from Day, so far as her claim of being an innocent
purchaser is concerned. In either case she had notice that the mort-
gage unde which Day claimed, and on which the sheriff's deed was
issued, was recorded simultaneously with another mortgage. The
facts are not the same as though the register's records had shown
priority of one mortgage over the other. Inasmuch as the records ·

showed no priority, she was bound to inquire, and could not gain priority by foreclosure to the prejudice of rights of priority actually existing in favor of the mortgagee in the larger mortgage. Priority between mortgages simultaneously recorded may be secured by contract between the parties. Corbin v. Kincard, 33 Kan. 649, 7 Pac. 145.

Complaint is made that the court did not require payment or tender of the taxes on the land by the plaintiff before granting it any relief. There is no proof that the Hodgsons or Halstenson ever paid any taxes on the land, and the other defendants have not appealed. The tax deed on which Mary S. Hodgson relies was void on account of failure to describe the land in the assessment roll. The land was described as the S. E. 4, etc.

The appellants Halstenson and Mary S. Hodgson, at the close of their testimony at the trial, suggested the death of the defendant E. J. Hodgson, and suggested the advisability and necessity of bringing in his personal representatives as parties. This was not done, and the failure to do so is urged as ground for a reversal of the judgment. The court has found that the interests of E. J. Hodgson were litigated and adjudicated in this action, and the record so shows. It was discretionary with the trial court whether to postpone the trial at that stage of it in order to have the personal representatives brought in. Sykes v. Beck, 12 N. D. 242, 96 N. W. 844.

The defendant Halstenson asked leave to amend his answer from a general denial to one alleging his possession of the land under color of title and the making of valuable improvements thereon while in possession. The request for the amendment was made after Halstenson's evidence had been taken. It was discretionary with the court whether to allow the amendment or not, and there was no abuse thereof in refusing to do so. No reason was advanced why the application had not been made before trial or at the commencement of the trial. The records showed what plaintiff's claim of ownership was, and the exercise of diligence would have resulted in advising defendant thereof without waiting until plaintiff had produced its testimony at the trial.

Appellants contend that plaintiff's claim is stale, and should be presumed to have been paid and satisfied. They concede that the statute of limitations has not run against the mortgage. The plaintiff's mortgage matured in 1888, and foreclosure was commenced in 1902. There are no facts in the record showing any prejudice on

account of delay enforcing the mortgage, and while the statute of limitations had not run against the mortgage, and the mortgage having been duly recorded, all parties dealt with the land with notice of the mortgage, and are bound by it. No presumption prevails. that the mortgage has been paid until the statute has run against it. Nor will lapse of time give rise to a presumption that the plaintiff's grantor acquiesced in the foreclosure of the Day mortgage. The plaintiff's assignor did nothing to show an abandonment of the mortgage claim, and no act of hers can be urged as ground for an estoppel against her or her assignee being allowed to rely on the mortgage.

Complaint is also made against the judgment because the plaintiff did not produce the notes secured by its mortgage at the trial. This was an action to quiet title, and not to foreclose the mortgage. The regularity of the mortgage or of its foreclosure was not attacked, and whether the notes had been paid was in no way involved.

This judgment was affirmed. All concur.

Fisk, J., being disqualified, Pollock, J., of the Third judicial district, sat by request.