(116 N. W. 335.)

---

A. D. CLARKE & CO., v. MICHAEL B. DOYLE, THERESA E. DOYLE, L. N. CARY.

Opinion filed April 22, 1908.

**Foreclosure of Mortgages — Limitations of Actions.**

1. Following the decision of this court in Adams & Freese Com-pany v. Kenoyer et al., 17 N. D. 302, 116 N. W. 98, it is held that Chap-ter 5, page 9, Laws 1905, which provides that a mortgagor's absence or nonresidence from the state shall not suspend the running of the statute of limitations as to actions and proceedings for the fore-closure of mortgages on real property, does not apply to causes of action which accrued prior to the passage of said statute, for the reasons, first, that no time was fixed by the legislature for the commencement of actions upon such existing causes of action after the taking effect of such statute; and, second, that, if the time be-tween the passage and approval of the act (March 10th) and its tak-ing effect (July 1st) was intended to be the time fixed for such pur-pose, the same is unreasonable.

**Judgment — Res Judicata.**

2. The note and mortgage in suit were assigned to plaintiff by one Alexander McKenzie, the payee and mortgagee. Prior to such

assignment, it was adjudged in a former action brought against said McKenzie and others that they had no right, title or interest in and to the property covered by such mortgage, but this so-called judgment was a nullity in so far as the said McKenzie is concerned, for the reason that he was never legally served with a summons in such action, nor did he make any appearance therein. *Held,* that the rights of McKenzie under said mortgage were in no manner affected by said former judgment; and hence the plaintiff acquired a good title to the note and mortgage through said assignment.

Appeal from District Court, Morton County; *Winchester, J.*

Action by A. D. Clarke & Co., against Michael B. Doyle and others. Judgment for plaintiff, and defendants appeal.

Affirmed.

*W. H. Stutsman,* for appellants.
*S. L. Nuchols,* for respondent.

FISK, J. This is an appeal from a judgment of the district court of Morton county, and is here for trial de novo.

After the case was argued and submitted in this court, respondent made a motion to dismiss the appeal in so far as appellant Michael B. Doyle is concerned, upon the ground that said Doyle never authorized such appeal, which motion has been argued and submitted. We deem a decision of this motion unnecessary in view of the conclusion which we have arrived at upon the merits of the appeal, and will therefore refrain from expressing any opinion upon the motion.

Upon the merits we are clearly convinced that the judgment appealed from should be affirmed. The suit was brought to foreclose a certain mortgage upon real property executed and delivered by appellants, Michael B. Doyle and Theresa E. Doyle, to Alexander McKenzie on April 14, 1888, to secure a promissory note for the sum of $89.26 and interest at the rate of 12 per cent per annum, payable November 1, 1888. Respondent is the assignee of the note and mortgage. The complaint is in the usual form. The principal defense interposed is that of the statute of limitations; the action not having been commenced until the month of August, 1905. Another defense pleaded in the answer is that in a former action brought by respondent against said Doyle, McKenzie, and others it was adjudged that the defendants in said suit had no interest in the real property covered by the mortgage, which judgment, in

so far as the said McKenzie is concerned, is alleged to be in full force and effect, and hence plaintiff, as the assignee of McKenzie, acquired no interest in the note and mortgage aforesaid. The facts were stipulated, and merely questions of law are presented for our determination. In brief, the questions presented are: (1) Is this action barred by the statute of limitations? (2) If not so barred, did the assignment of the note and mortgage by McKenzie to plaintiff vest in the latter such title as authorizes it to maintain this action?

The agreed facts disclose that some time in 1894 the mortgagors, M. B. and Theresa Doyle, removed from this state and have ever since resided in Washington, D. C., so that under the law of this state in force prior to July 1, 1905, the cause of action for the foreclosure of such mortgage was not barred. On March 10, 1905, chapter 5, page 9, Laws 1905, was approved, and the same containing no emergency clause went into effect on the following 1st day of July. This statute provides: "If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced within the terms herein repsectively limited after the return of such person into the state; and if after such cause of action shall have accrued such person shall depart from and reside out of this state and remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; provided, however, that the provisions of this section shall not apply to the foreclosure of real estate mortgages by action or otherwise. * * *" In the recent case of Adams & Freese Company v. Kenoyer, 17 N. D. 302, 116 N. W. 98, this same statute was construed, and we held that the same does not apply to causes of action for the foreclosure of mortgages existing at the date of its enactment, for the reason that no time was therein fixed for the bringing of suits upon such causes of action, and that, if the time from March 10th to July 1st can be said to have been fixed as the time in which suits upon existing causes of action may be commenced, the same is unreasonable. Following the decision in that case, we hold that the cause of action for the foreclosure of the mortgage in suit is not barred.

Upon the second proposition of law presented very little need be said. The stipulated facts disclose that the judgment in the former action is a nullity in so far as McKenzie is concerned, for the reason

that he was never legally served with a summons in said action, nor did he make any appearance therein. While the summons was published for six successive weeks, no affidavit for publication of such summons was ever filed as to McKenzie, and hence the court acquired no jurisdiction over him. It follows that his rights under the note and mortgage were unimpaired, and were in full force and effect at the time he assigned said note and mortgage to plaintiff. This being true, it needs no argument in support of plaintiff's title to the note and mortgage derived through the assignment and its consequent right to maintain this action.

Having reached the foregoing conclusions, it becomes unnecessary to notice the other questions presented.

The judgment appealed from was correct, and is therefore affirmed. All concur.