PETER BOSCHKER v. HENRY VAN BEEK.

Opinion filed June 22, 1909.

**Mortgage Foreclosure — Mortgagees in Possession — Invalid Foreclosure.**

1. The holder of a sheriff's certificate of sale, or of a sheriff's deed under an invalid foreclosure of a real estate mortgage by advertisement, in possession of the mortgaged premises, with at least the implied consent of the mortgagor, is a mortgagee in possession.

**Statute of Limitations — Mortgagee in Possession — Equity.**

2. A grantee of the mortgagor cannot maintain an action to cancel the sheriff's certificate and deed, as against the mortgagee in possession, without paying the mortgage debt, even though the statute of limitations has run against the mortgage.

**Mortgage Foreclosure — Sheriff's Certificate — Personal Property — Assignment by Administrator.**

3. A sheriff's certificate of sale, under foreclosure by advertisement, is personal property and transferable by the executor of the

deceased mortgagee in whose name the certificate was issued by assignment under the laws of Massachusetts.

**Executors and Administrators — Assignment of Foreclosure Certificate.**

4. It not appearing in this case, definitely, whether the sheriff's certificate of sale referred to in the preceding paragraph was held in Massachusetts or in this state, but the will of the deceased certificate holder having also been probated in this state, and the assignment of such certificate for a valuable consideration paid the executor having been approved by the probate court and acquiesced in by the devisees, it transferred the interests of the deceased holder and the devisees to the assignee of the executor, in case it was held by such executor in this state.

Appeal from District Court, Emmons County; *Winchester*, Judge.

Action by Peter Boschker against Henry Van Beek.

Judgment for plaintiff and defendant appeals. Reversed.

*H. A. Armstrong* and *John H. Perry*, for Appellant.

*Geo. W. Lynn* and *G. N. Williamson*, for Respondent.

SPALDING, J. Action to cancel a sheriff's certificate of sale on foreclosure of real estate by advertisement and the sheriff's deed issued thereunder, and to enjoin the defendant from asserting any interest in the premises described, plaintiff had judgment and defendant appeals. It is unnecessary to quote the pleadings.

It appears by uncontradicted evidence that one Hannah K. Loring, a resident of Massachusetts, made a loan of $425 to one Homme Boschker, and took as security therefor a mortgage upon the N. E. ¼ of section 22 in township 129 N. of range 76 W., in Emmons county, N. D. This mortgage was executed and delivered by Boschker to Loring about the 15th day of June, 1889, and recorded in the office of the register of deeds of Emmons county, on the 2d day of August, 1889. The mortgagor is dead, and the plaintiff and respondent is his son. The appellant signed the mortgage note and two others given by other parties to Hannah K. Loring, as guarantor. Little or nothing was ever paid on the interest or taxes by the mortgagor, and no part of the principal has been paid. On the 9th day of September, 1898, the firm of Herreid & Williamson, of South Dakota, having been employed by the mortgagee for that purpose, issued a notice of foreclosure sale by advertisement to foreclose such mortgage, claiming that there was then due thereon the

sum of $1,092.08. Due publication was made, and the premises were sold on the 5th day of November, 1898, and struck off to Hannah K. Loring, the mortgagee, for the sum of $550, and a sheriff's certificate issued in her name and delivered to her attorneys. This certificate was duly recorded in the office of the register of deeds of Emmons county, N. D., on the 14th day of November, 1898. While the notice of sale was running in the newspaper, Hannah K. Loring died. It does not appear from the record whether her attorneys were ignorant of her death at the time of the sale; but we presume they were. She left a will appointing one Batchelder executor, and in due time he qualified as such in the state of Massachusetts, and Herried & Williamson thereafter acted as his attorneys in relation to the mortgage in question and the notes on which appellant was guarantor. They sued appellant in South Dakota to recover the balance due on such notes after foreclosure, and he paid such balance and among other things, took an assignment of the sheriff's certificate of the Boschker mortgage at figures amounting to something over $700; the land then being worth from $700 to $800. This assignment bore date March 29, 1900, and was duly recorded in Emmons county. At the time of the assignment of the certificate to appellant, Williamson represented to him that it was perfectly good. The money received by Williamson from appellant was transmitted to the executor of Loring's will and by him paid to her devisees and heirs, and his account showing such payment was approved by the probate court in Massachusetts. The Loring will was subsequently probated in Emmons county and the sale of the certificate approved by the court.

May 6. 1905, the land not having been redeemed, the sheriff of Emmons county executed his deed therefor to appellant as assignee of the certificate of sale, and this deed was duly recorded. February 8, 1904, George W. Lynn, an attorney residing at Linton, N. D., wrote a letter to Batchelder, the executor, as follows: Linton, N. D., Feb. 8, 1904. John M. Batchelder, Holliston, Mass.—Kind Sir: Your favor of the 2d inst. received and contents noted, and your promptness in answering my former letter is appreciated. A client of mine has requested that I pass upon the title of certain tracts of land in this county in which the late Hannah K. Loring had an estate prior to her death. I wish to state at this time that the purpose of my correspondence with you is not adverse in any manner to the interests of yourself or of the heirs and devisees of

the said Hannah K. Loring; but is for the purpose of perfecting a good and unquestionable title to the said tracts. To this end I have advised that, in order to obtain such title, he should secure a certified copy of the will which has been probated in your state, together with quit-claims from the heirs and devisees of the late Hannah K. Loring, all of which should be placed of record in this state. Will you undertake to secure the quitclaims and in your opinion what will be the costs of securing them, including your services, providing I prepare all papers according to the laws of our state, and you attend to having the same executed? I have this day written the register of probate to ascertain the cost of securing the certified copy of the will, and when I have heard from you, and if everything is satisfactory to my client, I will send you the papers together with a draft for the amount. An early reply will be appreciated, and in any event I will compensate you for your trouble. Yours, Geo. W. Lynn. (Dic.)" And in response thereto, and for the sum of $2.50 each, the cost of executing deeds, he received quitclaim deeds from the devisees under the will of Hannah K. Loring to the premises in question, which were recorded in Emmons county on the 25th day of June, 1904. The executor testifies: That he paid the money received for the certificate to the devisees under the will; that no objection was made by them to the sale and assignment of the sheriff's certificate or the amount realized therefrom; that in response to Lynn's letter he procured the deeds mentioned, after having referred the matter to Herreid & Williamson and receiving their approval; that such deeds ran to L. A. Wetherby; that none of the devises claimed any right, title, or interest or estate in the land described at the time they executed such deeds; that he forwarded them to Lynn at Linton, N. D.; and that none of such devisees, since the distribution of the estate of Hannah K. Loring, have made any claim to any estate, right, title, or interest in the land in controversy. Shortly after appellant purchased the sheriff's certificate of sale, he made a contract with respondent agreeing to sell him the certificate of sale on his making payment therefor of something over $700, and under such contract respondent went into and retained possession of the premises until April 16, 1905, when he called on appellant and represented to him that, as the land was quite a distance from his home, he would rather sell it back to appellant. After some discussion respondent executed an instrument relinquishing his claim to the land under the contract

with appellant in consideration of $948.50, being about $200 more than he had agreed to pay appellant for it. At the same time appellant leased him the land for the season of 1905. It appears from the evidence: That a few days prior to the last transaction described, respondent had learned of the quitclaim deeds procured by Lynn in the name of Wetherby; that the land had increased very materially in value; that he called upon Lynn and had a talk with him and Wetherby with reference to the title; that Lynn told him to go and make a settlement with Van Beek, the appellant, and offered him a warranty deed of the land at the same price he was to pay Van Beek; that he took such deed later; that Lynn advised him that he could probably get a deed from Homme Boschker, and drew up such a deed ready for execution; and that he went home and took his father before a notary and had him execute the deed. It appears that these negotiations with Lynn and Wetherby occurred a few days before respondent saw appellant and surrendered his contract to the land, and that he surrendered it with a view to consummating this deal with Lynn, or with Lynn and Wetherby, but disclosed to Van Beek nothing regarding it, but, as we have shown, gave entirely different reasons for surrendering his contract. The deed from Homme Boschker to respondent was executed on the 19th day of April, 1905, without consideration, and on the same day Wetherby quitclaimed to Lynn an undivided one-half of the premises, and on the next day, April 20, 1905, Wetherby and Lynn gave a warranty deed thereof to respondent, and on the 26th day of May, 1905, Lynn, evidently in conjunction with Williamson, brought this action. Respondents contend that the foreclosure is invalid, and that the sheriff's deed executed thereunder conveyed no title to appellant.

The power of sale in the mortgage foreclosure is a peculiar one, quite unlike the usual power contained in mortgages. It runs to Hannah K. Loring, or agent. On the death of Mrs. Loring no one was left qualified under the terms of the power to continue or complete the foreclosure, and for the purposes of this case we may assume that the attempted foreclosure was invalid. We have held, in Winterberg v. Van De Vorste, 122 N. W. 866, that a sheriff's certificate is personal property, and assignable by Mrs. Loring's executor. It does not definitely appear whether the sheriff's certificate of sale was held by the executor in Massachusetts or in this state, or whether it was assigned by him as executor under

the will, in Massachusetts or in this state; but, in either event, his assignment transferred the interests of the deceased holder and the devisees. The purchaser of the certificate and those holding under him became equitable assignees of the mortgage, and, having taken possession with at least the implied consent of the mortgagor, the appellant is, at least, a mortgagee in possession, and the only remedy against him is by a suit in equity and an offer to redeem. Nash v. Land Company, 15 N. D. 566, 108 N. W. 792. The plaintiff and respondent has neither offered to redeem, nor does he tender into court the amount necessary to redeem from the mortgage given to Mrs. Loring.

The respondent is not in position to invoke the aid of a court of equity to cancel the mortgage, or the sheriff's certificate of sale and the deed issued thereunder, or to enjoin the mortgagee in possession from asserting his rights in the premises, without paying, or offering to pay, the amount due him. He not only does not come into this court with clean hands; but his hands are reeking with filth. He is attempting to avail himself of the good offices of a court of equity while showing no disposition on his own part to follow the plain paths of equitable procedure long marked out. He appears to be wholly destitute of the most ordinary principles of fair play in his and his attorney's dealings with appellant. This case is squarely within the rule announced in Tracy et al. v. Wheeler et al., 15 N. D. 248, 107 N. W. 68, 6 L. R. A. (N. S.) 516, and needs no further consideration. The appellant has not succeeded in establishing a clear title in himself. Hence we cannot quiet title as prayed for in his counterclaim. See Winterberg v. Van De Vorste, supra.

The judgment is reversed and the district court directed to dismiss the action. All concur.

MORGAN, C. J., not participating.

122 N. W. 338.

NOTE—Time to bring suit limited in a fire insurance policy begins from the time of the fire. Travelers Insurance Co. v. Cal. Insurance Co., 1 N. D. 151. Bar of a statute in one state is available in another where it bars the debt. Rathbone v. Coe, 6 Dak. 93. Tax deed, void on its face, does not set the statute of limitation in motion. Heger v. DeGroat, 3 N. D. 354, 56 N. W. 150. Legislature may shorten the period of limitation, provided a reasonable time to sue is afforded after the law is passed. Merchants' Nat. Bank v. Braithwaite, 7 N. D. 358, 75 N. W. 244; Adams & Freese Co. v. Kermayer, 17 N. D. 302, 116 N. W. 98. Such time is reckoned from the passage, not

the taking effect of the law. Mer. Bank v. Braithwaite, supra. Statute need not fix time as to pending cases. Id. A tax deed, valid on its face, recorded for more than the full time limited to bring action to set it aside, cuts off all interest under a prior tax deed. Meldahl v. Dobbins 8 N. D. 155, 77 N. W. 280. A tax deed based upon proceedings jurisdictionally defective, will not set statute running. Roberts v. Bank, 8 N. D. 504, 79 N. W. 1049; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Osborne v. Lindstrom, 9 N. D. 1; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188. A suit on a claim rejected by an administrator, must be brought within three months after such rejection. Boyd v. Von Neida, 9 N. D. 337, 83 N. W. 329. Statute applies to judgments rendered before, as after, its enactment; and time is computed from period prior as well as after its passage. Osborne v. Lindstrom, supra. Time runs from date of judgment, not from time leave to sue was obtained. Id. Nor is time stayed by period required to get leave to sue thereon. Id. Fixing the time within which suit may be brought is a legislative function. Id. What constitutes a reasonable time upon change of statute of limitation. See Osborne v. Lindstrom, Id. The statute of limitations embraced in section 1640, Comp. Laws (three years limit on tax deed) does not control against adverse possession under color of title and payment of taxes for ten years. Power v. Kitching, 10 N. D. 254, 86 N. W. 737. There is no vested right in a statute of limitations in force at time of tax sale. Id. Ten years adverse possession and payment of taxes, entitled occupant under color of title to have it quieted. Id. Payment by one joint debtor does not interrupt running of statute as to others. Grosvenor v. Signor, 10 N. D. 503, 88 N. W. 278. Plea of the statute of limitations is of equal merit with any other plea. Wheeler v. Castor, 11 N. D. 347, 92 N. W. 381. Bar of the debt does not bar the mortgage securing it. Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518. Statute of limitations must be pleaded. Id. In pleading the statute of limitations, facts, not conclusions, must be set out. Id. Where one purchases land under a contract and loses it for lack of agents' authority to execute, statute runs from time of his ejectment. Kennedy v. Stonehouse, 13 N. D. 232, 100 N. W. 258. One who enjoins foreclosure of mortgage by advertisement, may plead statute of limitations to action to foreclose it. Teigen v. Drake, 13 N. D. 502, 101 N. W. 893. Foreclosure action is *in personam* and within the statute that excepts time of defendant's absence from state from the limitation period. Mortgage Co. v. Thresher Co., 14 N. D. 147, 103 N. W. 915; Mortgage Co. v. Flemington, 14 N. D. 181, 103 N. W. 929. Foreign corporation represented in the state by an agent, and doing business therein, may plead the statute of limitations. Id. Absence of mortgagor from state after he has parted with mortgaged property does not prevent running of the statute in favor of his grantee. Id. A foreclosure may be barred although the debt is not. Id. Mortgage Co. v. Flemington, 12 N. D. 181, 103 N. W. 929; Paine v. Dodds, 14 N. W. 189, 103 N. W. 931. Failure to appoint an administrator does not bar the heirs from pleading the statute of limitations. Mortgage Co. v. Flemington, 14 N. D. 181, 103 N. W. 929. Mortgagor's grantee may plead the statute, although the mortgaged debt is neither barred nor discharged.

Id. Where four heirs of deceased mortgagee inherited the mortgaged land, and no administrator was appointed, and three of them lived out of the state, action is barred as to one-fourth of the land. Id. The statute ceases to run in favor of one who establishes his residence out of the state from date of his departure. Paine v. Dodds, 14 N. D. 189, 103 N. W. 931. A grantee of mortgaged premises may add the time the statute has run in favor of his grantors to what it has run in his own favor. Id. Where the party's own pleadings show running of statute against defendant's plea of the statute, he must show facts suspending the running. Id. Statute limiting ten years as the time to foreclose by action does not apply to foreclosure by advertising. Clark v. Beck, 14 N. D. 287, 103 N. W. 755. Equity will not cancel a mortgage securing a just debt, solely because it is outlawed. Tracy v. Wheeler, 15 N. D. 248, 107 N. W. 68. The statute of limitations is a defense warranting the enjoining of a foreclosure by advertisement. Scott v. Barnes Co., 15 N. D. 259, 107 N. W. 61. Tax certificate is conclusive evidence of a valid sale if not attacked within three years from the sale, unless judgment was paid before sale, or redemption affected after. Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357. Tax sale on a void judgment is valid after three years, unless jurisdictional defect in antecedent proceedings appears. Finance Co. v. Beck, 374. Objection to tax sale under law of 1897 is barred by section 1263, Rev. Codes, 1899. Id. Sale upon an apparently valid judgment under the "Woods Law" is barred in three years after the sale. Nind v. Myers, 15 N. D. 400, 109 N. W. 335. A tax deed in form not in substantial compliance with law does not set statute in motion. Beggs v. Paine, 15 N. D. 436, 109 N. W. 322. Section 1263, Rev. Codes 1899, construed, Id. Adverse possession puts the statute in motion against remedies of mortgagor. Nash v. N. W. Land Co., 15 N. D. 566, 108 N. W. 792. Last adverse possessor may compute from time when cause of action accrued against the first. Id. Twenty years' limitation fixed by sections 6774, 6775, Rev. Codes 1905, does not apply to such suits. Id. Right to maintain action by mortgagor against mortgagee in possession is barred in ten years from accrual of the cause of action. Id. A title acquired by the statute of limitations is a legal, not an equitable one, and may be proven under an allegation of a legal title. Id. Payment that interrupts the running of the statute on debt, interrupts its running on the security. Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677. Without his wife's consent, mortgagor can interrupt the running of statute against a mortgage on their homestead. Id. Fourteen years delay of foreclosure of a mortgage does not render a claim stale, if that period is short of that of the statute, and abandonment of mortgage is not shown. State Finance Co. v. Halstenson, 17 N. D. 145, 114 N. W. 724. A statute excepting absence from the period fixed for computing time under the statute, does not apply to existing causes for foreclosure of mortgages accruing prior to the act. Adams & Freese Co. v. Kenoyer, 17 N. D. 302, 116 N. W. 98; Clarke & Co. v. Doyle, 17 N. D. 340, 116 N. W. 348.