# H. V. HOWLAND, Respondent, v. JAMES W. BAILEY and Augusta Bailey, Appellants.

(212 N. W. 770.)

**Mortgages — when certificate of sale is void.**

1. Where land is sold at a mortgage foreclosure sale by advertisement, and bid in, by the sheriff for the mortgagee, for an unauthorized amount, and the certificate of sale is not accepted or approved by the mortgagee there is no valid sale of the land.

**Mortgages — when sheriff cannot make new certificate of sale.**

2. The sheriff cannot after the auction sale and the issuing of certificates of sale thereon, make new certificates of sale in accordance with the bid intended by the mortgagee. In the first instance the sale was made without an authorized bid, and in the second, the certificates were issued without a sale.

**Pleadings — when refusing amendment to answer was not error.**

3. It was not error to deny defendants' application to amend the answer so as to include a tender of the costs of the second foreclosures, such tender upon the part of the defendants would be a recognition of the validity of the second sale, and in conflict with their contention that the sale was invalid.

**Mortgages — when grantee is entitled to payment of mortgage debt.**

4. Where deeds are issued on certificates of sale in an invalid foreclosure by advertising, and the grantee takes possession of the mortgaged land with the implied consent of the mortgagors he is a mortgagee in possession and the mortgagors cannot have the title to said lands quieted in them without paying the mortgage debt.

**Mortgages — when title should be quieted in mortgagors.**

5. Where a mortgagee in possession offers to accept the amount of the mortgage indebtedness and cost of foreclosure on the date of the foreclosure without interest, and without reimbursement for "back taxes" paid by said mortgagee, it is held, that upon the payment of the mortgage indebtedness without interest by the mortgagors on or before ————, the mortgagores are entitled to have the title of said mortgaged lands quieted in them, and if mortgagors fail to pay said mortgage indebtedness on or before said date, then the mortgagee is entitled to have the lands quieted in him.

Opinion filed December 16, 1926. Rehearing denied March 15, 1927.

Mortgages, 41 C. J. § 1442 p. 990 n. 92; § 1465 p. 1010 n. 2; 6; p. 1011 n. 7, 8.
Pleading, 31 Cyc. p. 425 n. 28.

Appeal from the District Court of Dunn County, *Pugh,* J. Modified.

*C. H. Starke,* for appellants.

"The holder of a sheriff's certificate of sale or a sheriff's deed on an invalid foreclosure of a real estate mortgage, by advertisement, in possession of the mortgaged premises, is a mortgagee in possession." Boshker v. Van Beek, 19 N. D. 104; Finlayson v. Peterson, 11 N. D. 45; Nash v. Land Co. 15 N. D. 566.

"If a mortgagee or trustee begins to sell by parcels his power is exhausted as soon as he had sold enough to realize the debt secured and costs and if he sells another parcel after that, the sale is invalid, at least, as regards the last parcel." 27 Cyc. 1479; Kirby v. Howie, 9 S. D. 471, 70 N. W. 640; Bowen v. Brogan (Mich.) 77 N. W. 942.

"The successful bidder at a mortgage foreclosure sale must make his payments in accordance with the terms of the sale, paying the whole price immediately if the sale was strictly for cash." 27 Cyc. 1702; Davis v. Hess (Mo.) 15 S. W. 324.

"A purchaser who is not prepared to pay cash cannot complain if the mortgagee resells the property, as the purchaser who is not prepared to pay has not completed contract." Swell v. Bank (Ga.) 42 S. E. 49.

"Where the successful bidder refused to pay the full amount of bid there was no sale, and trustee properly refused deed." McPherson v. Davis (Miss.) 48 So. 625; Boett v. Davenport (N. C.) 55 S. E. 611.

"Where the amount bid is not paid the sale is void." Wheeler v. Dale (Mo.) 107 S. W. 1105; Kershaw v. Dyer (Utah) 24 Pac. 621.

*Crawford, Cain & Burnett,* for respondent.

"A purchaser who was the holder of a mortgage which was being foreclosed, and who purchased without further investigation after filing a correct decree, is entitled to relief where he believes he is securing all the mortgaged premises, part of which had been omitted by the clerk." Latimer v. Jones, 55 Iowa, 503, 8 N. W. 327.

"That a person at an execution where all parties erroneously believed that a part of a third lot on which were some valuable buildings was included in the description of two lots which were being sold was held entitled to relief." Reid v. House, 2 Humph. 576.

"It is not so much the genesis of the error as it is the unintended and

unconscionable effect upon legal rights and obligations that makes a cause for relief." Peterson v. First Nat. Bank, 203 N. W. 53.

BURKE, J. On October 5, 1922, the plaintiff started a foreclosure of a mortgage by advertisement on the southwest quarter of section 7, and the northwest quarter of section 7 twp. 133, N. of R. 94 in Dunn county, North Dakota, to secure the payment of a note for $3,757, and at the same time, he commenced the foreclosure of a mortgage by advertisement of the northeast quarter of section 7 twp. 143, range 94, to secure the same note, that is, both mortgages were given on different dates but to secure the same note for $3,757. The sale was made by the sheriff of Dunn county on the 16th day of November 1922, there being at that time the sum of $4,129.35 due on said promissory note.

The mortgagee authorized his attorneys Crawford and Burnett to have all the land described in both mortgages, bid in at the sale for the full amount due on the note. On the 14th of November, 1922, and in the absence of Crawford and Burnett, the stenographer in their office wrote the following letter to the sheriff of Dunn county, viz.:

Mr. J. H. Brown,
Manning, North Dakota.
Dear Sir:

We have two sales set for the 16th which we desire to have you take care of. The notices are running in the Killdeer Herald and we have written them to send the affidavits to you.

We were unable to get Mr. Richards and are informed that he has gone out to the ranch.

Yours truly,
Crawford and Burnett.
By F. H. Burnett.

P. S. The amount for which the land is to be bid in is as follows:

Principal and Interest .............. $4,129.35
Sheriff's fee ...................... 3.60
Printer's fee .....................
Recording, Rev. etc. .............. 6.50
Attorney's fee ..................... 25.00

The amount will be the same in each case.

C. & B.

· The sheriff understood from this letter that he was to bid in the land at each foreclosure sale for $4,129.35, to which the cost in each case was to be added, and there being no other bidders at the sale he bid on each sale the sum of $4,129.35, to which he added the cost in each case. The letter was technically correct, the amount due on each mortgage was $4,129.35, for each mortgage was given to secure the same debt. There were two mortgages but one note, and since the two mortgages were given to secure the one note, there was due on each mortgage the sum of $4,129.35, but that amount was the entire indebtedness for which the land was sold to pay and satisfy; but the sheriff sold the land for twice the amount due on the note, issued certificates therefor which he had recorded, and forwarded to the mortgagee. The mortgagee refused to accept the certificates, and the sheriff thereafter made new certificates of sale showing that the southwest quarter of section 7, and the northwest quarter of section 7, was sold for $2,296.80, and the northeast quarter of section 7 for the sum of $1,925.55, making a total of $4,422.35, that being the amount due on the note with the cost of foreclosure sale added, and which certificates of sale were duly recorded.

On December 16, 1923, the sheriff executed deeds on the two corrected certificates of sale and the plaintiff took possession of said land and has been in possession ever since, paying "back taxes" on the land in the sum of $855.41, and the sum of $200 subsequently paid for taxes. There was no other irregularity in the sale. The defendants were not present at the sale, and they made no objection to the sale or the correction of certificates or to possession of the land by the plaintiff. They have not at any time tried to redeem and did not know of any irregularity in the sale until the plaintiff brought this action on the 27th day of October 1924.

The complaint is in the statutory form, provided for in § 8147 Comp. Laws 1913, for determining conflicting claims to real property. The defendants' answer admits that the plaintiff is the owner of the west half of section 7 township 143, range 94, denies that the plaintiff is the owner of the northeast quarter of section 7, and asks for judgment quieting title in the defendants to the northeast quarter of section 7 township 143, range 94. The facts found by the trial court are substantially as stated herein, and upon which facts the court found

as a conclusion of law, "That the sale of the property on the 16th day of November, 1923, upon the west half and the northeast quarter of section 7, township 143, range 94, was valid and the sheriff's certificate of sale issued at the time of the sale to the plaintiff on the west half of said section for $4,176.15 and the northeast quarter of said section, for $4,175.37 are valid, notwithstanding the bid was for a greater sum than was due on the mortgage and the difference was not paid, and deeds should issue to the plaintiff upon the certificates first issued," and the defendants appeal and ask for a trial de novo. It is the contention of the defendants that the sale under the first mortgage for the full amount of the indebtedness paid the debt and released the northeast quarter of said section 7, and that therefore the plaintiff has no claim upon that quarter, and the title should be quieted in the defendants.

On the other hand, the plaintiff claims that the bid of the sheriff for the full amount of the indebtedness on each sale was not the bid of the plaintiff. That as soon as the certificates of sale were received by the plaintiff's attorneys, the sheriff was called on the long distance phone from Dickinson, and told that he had made a mistake in bidding in the land at each sale, for the full amount of the indebtedness. He was asked to correct the same and he did, by executing new certificates. It is the further contention of the plaintiff, that if the correction was made without legal authority, then the first certificates were invalid, for the reason that the bid of the sheriff was not the bid of the plaintiff, and was never approved by the plaintiff, but on the contrary was disapproved immediately on learning of the mistake in bidding at the sale. The plaintiff has been in possession of the land since the 16th of December 1923, with the implied consent of the mortgagors, and at the argument in this court the plaintiff submitted the following:

"Comes now the plaintiff and offers to accept from the defendant in full and complete payment for the mortgage debt against the land in controversy in this case, the amount of the two sheriff's certificates issued upon which deed was executed, which sums are as follows, to-wit: The west half (W½) of section 7–143–94, the sum of $2,296.80, the face of the certificate, and on the northeast quarter (NE¼) section 7–143–94, the sum of $1,935.55, or the total sum of $4,222.35,

hereby waiving interest since the date of said certificates and the back taxes paid, and waiving the amount in back taxes in the sum of $855 and allowing defendant a reasonable time to pay said sum, if the courts determine as a matter of equity that such an adjustment between the parties could be made."

The plaintiff and his attorneys acted in good faith in the foreclosure of the mortgage, and in everything that was done in connection therewith, and it is also clear, that the sheriff acted in entire good faith in making the sale.

The letter from the stenographer in the office of Crawford and Burnett, is ambiguous, and the interpretation placed upon it by the sheriff would be the usual interpretation of the language used. There was no bid in the letter; the bid is in the postcript; it states:—"The amount for which the land is to be bid in for as follows," then follows the amount due on the note, and the costs to be added in each foreclosure sale, and when it is followed by the statement, viz., "The amount will be the same in each case." The sheriff was justified in assuming that he was to bid in each tract for $4,129.35, with the costs added. Nevertheless it was not the bid of the mortgagee.

In the case of Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134, Ann. Cas. 1915C, 739, this court said:

"We need not determine whether the bid by the sheriff . . . under the statute might be valid. We do not construe the instructions and the act of the sheriff in striking off the premises in question to the defendant as a bid by the sheriff. The instructions transmitted to him by Bosard & Ryerson were, in legal effect, a written bid by defendant for a specified sum of the amount stated to be due in the notice of sale plus the costs of sale and was a proper and customary method of making a bid in this state. It simply amounted to an instruction that the defendant bid that sum, and that it could be struck off to him if no one bid more."

Miss Burnett's letter to the sheriff was so ambiguous that it did not convey to the sheriff the intention of the mortgagee, and since it was never accepted or approved by the mortgagee there was no sale. The irregularity was not cured by the issuing of the subsequent sheriff's certificate.

First the land was sold without an authorized bid, and the second

certificates were issued without a sale. The mortgagee came into possession of all the land with the implied consent of the defendants, is a mortgagee in possession, and the mortgagors cannot have the title quieted in them without paying the mortgage debt. Boschker v. Van Beek, 19 N. D. 104, 122 N. W. 338; Tracy v. Wheeler, 15 N. D. 248, 6 L.R.A.(N.S.) 516, 107 N. W. 68; Finlayson v. Peterson, 11 N. D. 45, 89 N. W. 855; Nash v. North West Land Co. 15 N. D. 568, 108 N. W. 792; Brown v. Comonow, 17 N. D. 84, 114 N. W. 728.

According to our view of the case, there is no merit in the contentions of appellants that the court erred in denying defendants' application to amend the answer by tendering the costs of the second foreclosure sale. Such tender would be recognizing the sales as valid and in conflict with the defendants' claim that the second sale is void.

The offer of the plaintiff to accept the amount due on the note at the time of sale, namely the 16th day of November 1922, waiving interest thereon since that date, and waiving the payment by the plaintiff of $885 back taxes, and that the defendants be given a reasonable time to pay the same, seems to us to be just and equitable, and upon the payment of the sum of $4,222.35 by the defendants to the plaintiff within one year from the entry of judgment in accordance herewith in the trial court, the mortgaged land may be redeemed and the title quieted in the defendants. If the defendants fail to pay said amount at the time, and as provided herein the title thereto shall be quieted in the plaintiff. If the defendants desire to redeem from one mortgage, and not from the other, they may apply to the trial court, at any time within thirty days after the filing of the remittitur in the trial court, to open the case for the purpose of ascertaining the value of the land described in each mortgage, by the taking of testimony, or by the agreement of the parties, and upon such testimony or agreement, the trial court shall find the value of said lands described in each mortgage separately, and the defendants shall be permitted to redeem from either or both mortgages within the said year; but the amount required to redeem from either mortgage shall be in proportion to and as the value of the land described in such mortgage is to the value of all the land mortgaged and described in both mortgages and if redemption is not made before the first of April 1927, the plaintiff shall be entitled to the crops raised upon said lands or any portion thereof during the year

1927, and it is ordered that judgment be entered in the trial court in accordance herewith.

BIRDZELL, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.