(103 N. W. 929.)

---

JOHN A. PAINE v. HELEN DODDS, M. FRICH ET AL.

Opinion filed May 1, 1905.

**Foreclosure of Mortgage — Statute of Limitations.**

1. Action to foreclose a mortgage on real property is not a proceeding in rem, but is an action in personam, and comes within the operation of section 5210, Rev. Codes 1899, which excepts from the period limited for commencing an action the time during which the person against whom the cause of action has accrued is absent from the state.

**Same.**

2. Although the property passed to the defendant's grantor subject to the mortgage, and was in equity the primary fund for the payment of the mortgage debt, that doctrine cannot be extended so as to prevent the defendant from availing himself of the statute of limitations as a defense against an action to foreclose the mortgage.

**Same — Absence from the State.**

3. When the person against whom a cause of action has accrued departs from and establishes his residence out of this state, the statute of limitations ceases to run in his favor from the date of his departure. The clause in section 5210, Rev. Codes 1899, to the effect that only absences of one year or more shall toll the statute, refers to absences by one who has not established a residence out of the state.

**Grantee May Add Time the Statute Has Run Against His Grantor to Complete Its Bar.**

4. A grantee of mortgaged premises may add to the time the statute of limitations has run in his favor since he acquired the land the time it had run in favor of his grantors, in order to make up the aggregate period required to bar the action to foreclose.

**When Defendant Pleads the Statute of Limitations, Plaintiff Must Show Its Suspension.**

5. When the plaintiff's own pleadings and evidence show that more time than that limited by the statute for commencing the action has expired since the cause of action accrued, the burden is on the plaintiff to show that the running of the statute had been suspended a sufficient length of time to avoid the statutory bar pleaded by the defendant.

**New Trial.**

6. In an action tried and appealed under section 5630, Rev. Codes 1899, where the evidence tends to show that the action is barred as to one or more undivided and unequal parts of the land and not barred as to other parts, but fails to disclose as to which parts the bar is complete, and the uncertainty in the proof is due to the fact that neither the trial court nor counsel for either party deemed such proof material, a new trial will be ordered.

Young, J., dissenting.

Appeal from District Court, Nelson county; *Fisk, J.*

Action by J. A. Paine against Helen Dodds and others. Judgment for defendants, and plaintiff appeals.

Reversed.

*Newman, Spalding & Stambaugh,* for appellant.

An action for the foreclosure of a mortgage is equitable in its nature, and in personam. Rev. Codes 1899, section 5156; Brainard v. Cooper, 10 N. Y. 356.

An action to foreclose a mortgage is barred ten years after the cause of action accrued, subject to the same exception. Rev. Codes, section 5207; chapter 120, Laws of 1901; Peters v. De La Plaine, 49 N. Y. 362; Ozmun v. Reynolds, 11 Minn. 459; Whalley v. Eldridge, 24 Minn. 358; Clinton County v. Cox, 37 Iowa, 570; Hanchett v. Blair, 100 Fed. 826.

Such action is not barred; debt secured by the mortgage is barred. Rev. Codes 1899, sections 5200, 5201; 13 Am. & Eng. Enc.

Law (1st Ed.) 704; Wiltsie on Mortgage Foreclosure, section 63, note 5.

The provisions of the Probate Code have no application, they only operate to prevent payment of debt from assets of decedent's estate; nonpresentation of claim to administrator does not affect this action.   Jones on Mortgages, section 1214; Wiltsie on Mortgage Foreclosure, section 64; Allen v. Moer, 16 Iowa, 307; Rev. Codes 1899, section 6401.

Statute of limitations was suspended when decedent's heirs and administrator departed from and resided out of the state.   Rev. Codes, section 5210.

Homestead descends to heirs, subject to homestead rights of widow, charged with the mortgage debt, and becomes a primary fund for the payment of the debt, which could not be a charge upon the assets of the estate.   Comp. Laws, section 4367; Jummel v. Jummel, 7 Paige, 591; Halsey v. Reed, 9 Paige, 446; Johnson v. Corbett, 11 Paige, 265.

The defendant Frich took the land subject to the mortgage debt, and it continued in her hands a primary fund for the payment of the debt, and, to the extent of the value of the mortgaged premises, she became the principal debtor.   Johnson v. Zink, 51 N. Y. 333; Sands v. Church, 6 N. Y. 347; Hartley v. Harrison, 24 N. Y. 170; Freeman v. Auld, 44 N. Y. 50; Insurance Co. v. Nelson, 78 N. Y. 137; Bennett v. Bates, 94 N. Y. 354; Murray v. Marshall, 94 N. Y. 611; Colgrove v. Tallman, 67 N. Y. 95, 23 Am. Rep. 90; Horton v. Davis, 26 N. Y. 495; Fuller v. Hunt, 48 Iowa, 163; Tice v. Annin, 2 Johns. Ch. 125; Palmer v. Butler, 36 Iowa, 576; Sanger v. Nightingale, 122 U. S. 176, 30 L. Ed. 1105.

She holds the premises under an agreement to apply the premises to the satisfaction of the mortgage debt, and the statute of limitations does not run upon this obligation so assumed by her prior to its assumption.   Murray v. Marshall, 94 N. Y. 611; Schmucker v. Siebert, 18 Kan. 104, 26 Am. Rep. 765.

The land being in the hands of the defendant Frich the primary fund for the payment of the debt, secured by the mortgage, and she, having purchased subject to the mortgage, cannot plead the statute of limitations.   Hyer v. Pruyn, 7 Paige Ch. 465, 34 Am. Dec. 355; Hughes v. Edwards, 9 Wheaton, 489, 22 U. S. 489, 6 L. Ed. 142; Waterson v. Kirkwood, 17 Kan. 9; Schmucker v. Siebert, 18 Kan. 104, 26 Am. Rep. 765; Life Ins. & Trust Co. v.

Covert, 6 Abb. Pr. N. S. 154; Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829, 27 L. R. A. 418.

*Tracy R. Bangs,* for respondent.

Any person in privity with the claim of which enforcement is sought, such as heirs and personal representatives of a deceased mortgagor, junior mortgagees and subsequent assignees or grantees of the mortgagor, is entitled to plead the statute of limitations. 19 Am. & Eng. Enc. Law, 184; Ewell v. Daggs, 108 U. S. 143, 27 L. Ed. 682; Sanger v. Nightingale, 122 U. S. 176, 30 L. Ed. 1105; Lord v. Morris, 18 Cal. 482; McCarthy v. White, 21 Cal. 495, 82 Am. Dec. 754; Grattan v. Wiggins, 23 Cal. 16; Coster v. Brown, 23 Cal. 143; Schmucker v. Siebert, 18 Kan. 104, 26 Am. Rep. 765; George v. Butler, 67 Pac. 263, 90 Am. St. Rep. 756; Anderson v. Baxter, 4 Ore. 105; Brandenstein v. Johnson, 73 Pac. 744.

The statute of limitations began to run when plaintiff's cause of action accrued, unless some recognized exception postponed its operation. 19 Am. & Eng. Enc. Law, 193. The debt fell due January 1, 1887, and the cause of action accrued January 6, 1887, and unless some disability on the part of the plaintiff postponed the running of the statute, it then commenced to run. Death of a debtor prior to maturity of the debt is not such disability. If the debt is due at the debtor's death, the statute begins to run immediately even if he is a nonresident, and if it ceases to run on his becoming a nonresident, it revives at his death. Hibernian Banking Ass'n v. Com. Nat'l Bank, 41 N. E. 919; Savage v. Scott, 45 Iowa, 130; Teal v. Ayers, 9 Tex. 588.

On the accrual of a cause of action after the debtor's death, the statute commences to run whether there is a party competent to sue or be sued, or not. Hibernia S. & L. Soc. v. Conlin, 7 Pac. 477; Tynan v. Walker, 35 Cal. 634, 95 Am. Dec. 152.

Section 5212 only suspends the running of the statute upon the death of a party against whom action may be brought.

Neither of the defendants owing the plaintiff any legal duty, no cause of action ever accrued against them, and the absence of one, or all, from the state would not suspend the running of the statute. Von Campe v. City of Chicago, 29 N. E. 892; Hill v. Townley, 47 N. E. 653; Belloc v. Rogers, 9 Cal. 124; Schadt v. Heppe, 45 Cal. 433; Carpenter v. Ingalls, 51 N. W. 348, 44 Am. St. Rep. 753.

The mortgagor is the only person charged with any legal duty towards the mortgagee. His estate might be obligated on his death if the claim was duly presented, but failure to do so does not affect the right to foreclose or the running of the statute of limitations. Section 6401, Rev. Codes 1899; Schadt v. Heppe, supra; McMillan v. Heyward, 29 Pac. 744; Thurber v. Miller, 75 N. W. 900; Gleason v. Hawkins, 73 Pac. 533.

If the action is barred as to the mortgagor, it is barred as to the subsequent owner of the land, and the converse of the proposition is true. Hanchett v. Blair, 100 Fed. 817; Ewell v. Daggs, 108 U. S. 143, 27 L. Ed. 682; Sanger v. Nightingale, 122 U. S. 176, 30 L. Ed. 1105.

Notwithstanding the death of the mortgagor and the absence of his administrator and heirs from the state, plaintiff always had, and has, a full and complete remedy upon his mortgage. Hogaboom v. Flower, 72 Pac. 547; Fowler v. Wood, 28 N. Y. Supp. 976; Eubank v. Leveridge, 4 Sawyer, 274; Jones on Mortgages, section 1197.

Section 5210, Rev. Codes 1899, suspending the statute by reason of absence, relates only to personal action; this action is not "against the person," and though, perhaps, not strictly in rem, is of the nature of an action in rem, and the reason for the exceptions in that section does not obtain in an action like this, when no personal responsibility is imputed to any defendant. Wiltsie on Mortgage Foreclosure, section 61; Fields v. Daisy Gold Mining Co., 73 Pac. 521; Fallon v. Butler, 21 Cal. 24, 81 Am. Dec. 140; Nagle v. Macy, 9 Cal. 426; Frische v. Kramer's Lessee, 16 Ohio, 125, 47 Am. Dec. 368; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Freeman v. Alderson, 119 U. S. 185, 30 L. Ed. 372; Cole v. Conner, 10 Iowa, 300; Iowa Loan & Trust Co. v. Dory, 19 N. W. 301; 9 Enc. Pl. & Pr. 220; Kershaw v. Thompson, 4 Johns. Ch. 609; Stevens v. Terry, 48 Fed. 7; Palmer v. McCormick, 28 Fed. 541; 17 Enc. Pl. & Pr. 43; 2 Wood on Limitations (2d Ed.) section 224; Eubanks v. Leveridge, 4 Sawy. 274; Martin v. Bond, 30 Fed. 15; Anderson v. Baxter, 4 Ore. 105; Hartzell v. Vigen, 6 N. D. 117, 69 N. W. 203, 35 L. R. A. 451, 60 Am. St. Rep. 586; Hurley v. Cox, 2 N W. 705; Rector v. Rotten, 3 Neb. 177; Peters v. Dunnells, 5 Neb. 460; Henley v. Estes, 6 Neb. 386; McNaughton v. Burke, 89 N. W. 274; Frerking v. Thomas, 89 N. W. 1005; Colgrove v.

Tallman, 67 N. Y. 95; Culp v. Culp, 32 Pac. 1118; Bauserman v. Charlott, 26 Pac. 1051; Hill v. Townley, 47 N. W. 653.

ENGERUD, J. This is an appeal by plaintiff from a judgment dismissing an action to foreclose a mortgage on real property. The trial court held that the action was barred by the statute of limitations, which was the only defense relied upon. The appeal is under section 5630, Rev. Codes 1899, and, although a new trial of all the issues is demanded by the appellant, the only issue on which there is any controversy is that raised by the plea of the statute of limitations.

On December 24, 1883, James Dodds made and delivered to John R. Paine a principal promissory note for $250, payable January 1, 1887, bearing interest at the rate of 10 per cent per annum, and three coupon notes for the annual interest due respectively on January 1, 1885, 1886 and 1887. To secure the payment of this debt, James Dodd made and delivered to John R. Paine the mortgage in question, covering a quarter section of land owned by the mortgagor in Nelson county, which mortgage was duly recorded January 2, 1884. The mortgagor died intestate November 5, 1884, seized of the mortgaged land, and left surviving him, as his heirs, his widow, Helen Dodds, and three children, David S. Dodds, Mary Colson and Jennie G. Wolff. Letters of administration upon the estate of James Dodds, deceased, were issued in Nelson county to the son, David S. Dodds, April 22, 1885. On April 16, 1887, pursuant to an order of the county court of Nelson county, the premises in question were set apart to the widow, Helen Dodds, as a homestead. David S. Dodds left the state of North Dakota about the middle of the year 1896, and took up his residence in California, where he died in February, 1902. He had never closed up the administration of his father's estate. David Dodds died intestate, leaving surviving him a widow, Mary Dodds, but no children. The mortgagor's daughter Jennie G. Wolff also died intestate, and left as her heirs her husband, Christopher J. Wolff, William Charles Wolff, Mamie Helen Wolff, Louis Joseph Wolff and David Sidney Wolff. The last two named are minors. The evidence fails to show when or where Jennie G. Wolff died. All these heirs have been nonresidents and absent from this state since 1896, but the evidence does not disclose whether they left the state in that year or before, except that it is stipulated that David Dodds left about the middle of 1896, and his widow, Mary Dodds, has never resided

in this state. As to the others, the only evidence as to the time of their departure is a stipulation that they "left the state of North Dakota and took up their residence in the state of California in the year 1896, and prior to that time." We infer from the language of this stipulation that the heirs mentioned left at different times, some in 1896 and some before. On August 12, 1902, John Hennessy was by the county court of Nelson county appointed administrator of the estate of James Dodds, the mortgagor, to succeed David S. Dodds, deceased, and the said Hennessy was also appointed guardian of the estate of the two minor heirs, Louis Joseph and David Sidney Wolff. All the adult heirs have conveyed their respective shares in the mortgaged land to defendant M. Frich by deeds without covenants, which deeds were executed and delivered during the months of February, April and May, 1902, and were all recorded after delivery, and on or before May 17, 1902. The shares of the two minor heirs were sold and conveyed to the defendant Frich by the guardian's deed, January 19, 1903, which deed was recorded the same day. In December, 1898, the mortgage and the debt secured thereby were assigned to the plaintiff. The debt secured by the mortgage was never presented for allowance as a claim against the estate of the deceased mortgagor. The administration of that estate was closed and the administrator discharged in March, 1903, after the commencement of this action. This suit was commenced January 18, 1902, naming as defendants all the heirs of the deceased mortgagor, the administrator of his estate, the guardian of the two heirs and M. Frich, the present owner of the land. The only relief sought is a judgment foreclosing their lien on the land for the amount of the debt and certain taxes paid by the plaintiff.

All the heirs except the two minors had ceased to have any interest in the premises long before the action was commenced, and they were improperly joined as parties defendant. The administrator and the guardian were discharged and their respective trusts terminated, and the rights of the minor heirs had been conveyed to Frich, before the action was tried. It is, therefore, clear that the action was properly dismissed as to all the defendants except Frich.

The main proposition upon which respondents' counsel rely in support of their claim that the action is barred is that an action to foreclose a mortgage on real property is in the nature of a proceed-

ing in rem, and hence is not affected by section 5210, Rev. Codes, which excepts from the limitation period the time during which the person against whom the cause of action accrued is absent from the state. This proposition cannot be sustained, for the reasons given in Colonial & United States Mortgage Co. v. Northwest Thresher Co., 103 N. W. 915, and Mortgage Co. v. Flemington, Id. 929, the opinions in which have just been filed.

Appellant's main proposition is that the land descended to the heirs subject to the mortgage, and became, therefore, the primary fund for the payment of the debt, and that the heirs or their grantee could not plead the statutory bar against this action, which is, in effect, one to subject that primary fund to the purposes for which it was created. This proposition was also overruled in the two preceding cases.

For the reasons stated in those two decisions, the widow and three children of the mortgagor were the persons against whom this cause of action accrued. The action was not barred as to them or the heirs of those of them who had died at the time defendant Frich acquired their respective shares of the land. The cause of action accrued January 6, 1887. The note being nominally payable January 1, 1887, which was a legal holiday, was actually payable January 2, 1887. At that time the territory law allowed three days of grace. Comp. Laws 1887, section 4524. As no suit could be commenced until January 6th, the statutory bar would not be complete until January 6, 1897, but before that time all the living heirs had left the state and taken up their residence in California. Consequently, as to them, the statute ceased running when they left the state, because section 5210, Rev. Codes 1899, provides that if a person against whom a cause of action shall have accrued "shall depart from and reside out of this state, * * * the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." We think the clause, "or remain continuously absent therefrom for the space of one year or more," which we omitted from the quotation of the section as indicated by the asterisks, refers to absences from the state where no residence is established elsewhere. To construe the statute otherwise would deprive the creditor of the full ten years which the statute was intended to allow within which to commence an action by personal service of the summons. Bassett v. Bassett, 55 Barb. 505, 518; Bank v. Bissell (Cir. Ct.) 7 N. Y. Supp. 53.

The decisive question of law in this case, therefore, is this: Can the defendant Frich add to the time which the statute had run in favor of her predecessor in the title the time she owned the land before the action was commenced, in order to make out the full statutory period of ten years? This question must be answered in the affirmative. Section 5210 excepts from the limitation period the time that the person against whom the cause of action accrued is absent from the state. If this language was construed to mean that absences only on the part of the person against whom the cause of action originally existed would toll the statute, it would defeat the object of the statute. If the owner of mortgaged land after default sold the land and left the state, an action to foreclose the mortgage would never be barred until the death of the absent grantor. Again, if such fee owner died in this state after the cause of action accrued against him, and all his heirs were nonresidents, the statute would continue running against the right to foreclose, notwithstanding the absence of the heirs and the impossibility of obtaining personal service upon them. Both the letter and the spirit of the statute forbid such an interpretation of it. Section 5199, Rev. Codes 1899, provides: "The following actions must be commenced within the following periods after the cause of action has accrued." Then follows the enumeration of the various actions and of the time limited for commencement of the same. It will be noticed that section 5199 does not fix the commencement of the limitation period at the time when the cause of action accrued against the particular person who may subsequently plead the statute. By virtue of this section the limitation period begins to run against the right to maintain an action as soon as the right to such an action comes into existence. Section 5210, however, excepts from the time limited for commencing an action the time that the person against whom the cause of action shall have accrued is absent from the state. The person referred to in section 5210 is not necessarily the person against whom the cause of action first accrued. The same cause of action may have accrued against two or more persons at the same time, or against each of them at different times. When a debtor dies, the cause of action survives against his personal representative. The cause of action remains the same after the death of the debtor as before. Such a cause of action accrues when the debt is due. It first accrues against the debtor, and, after his death, it accrues against his personal representative. So, also,

a cause of action for the enforcement of a lien upon or other right to specific property. The cause of action first accrues when the right to resort to that remedy arises. As we held in Mortgage Co. v. Thresher Co., such a cause of action accrues against the person or persons who are interested in the land adversely to the plaintiff's alleged right. It accrued in the first place against the then adverse parties. If the adverse rights of those persons to the property pass by contract or operation of law to other persons, the same cause of action continues, but the transferees become the persons against whom the same cause of action has accrued. The principles upon which the doctrine of "tacking" is based are applicable in such a case, and for the same reasons, as in a case of adverse possession. To illustrate the application of that principle, we cite the following cases: Moffit v. McDonald, 30 Tenn. 457; Nelson v. Trigg, 72 Tenn. 701; Smith v. Chapin, 31 Conn. 530. As we stated in Colonial & United States Mortgage Co. v. Thresher Co., we construe the term "cause of action" as used in the statute of limitations to be synonymous with the term "right of action." Construing the term "cause of action" in that sense, and reading sections 5199 and 5210 together, we get this meaning from them: The plaintiff must commence his action within the prescribed number of years after his cause of action first accrued, but the absence from the state of any person against whom the right of action has at any time accrued tolls the statute during such absence as against such absentee or his successor in interest. We held in Mortgage Co. v. Thresher Co., that the mortgagee, after his cause of action had accrued, and before he commenced his action, was daily put on inquiry as to the parties against whom his remedy must be enforced. It follows as a corrollary of that proposition that, when a deed of the land is recorded after the cause of action has accrued and before the action has been commenced, the plaintiff is chargeable with knowledge of that fact. We hold, therefore, that the action is barred as to any share of the land of which the successive owners, while holding the title, have been within this state an aggregate period of ten years between January 6, 1887, and the date of the commencement of this action. In computing that time as to any particular share, the time of defendant's ownership should be taken to have begun on the day the deed to her for such share was recorded.

As to the shares of the two minor heirs, it is clear that the action is not barred. The action is barred as to that share of the land inherited by David S. Dodds from his father, because the evidence shows that nine and one-half years have elapsed from the date the cause of action accrued before David S. Dodds left the state, and his share was acquired by Frich, and the latter's deed had been recorded more than six months before the action was commenced. The evidence fails to show when each of the other heirs left the state, but implies that some left in 1896 and some before. On this evidence it can neither be affirmed nor denied that the action is barred as to any particular part of the land other than the respective undivided shares derived from the two minor heirs and from the heirs of David S. Dodds. As to the former the action is not barred, but as to the latter it is. The plaintiff's own pleadings and evidence showed that the cause of action accrued more than ten years before the commencement of the action, and the burden was therefore on him to show, if he could, that the running of the statute had been suspended as to all or some of the heirs by reason of their absence or nonresidence. 19 Am. & Eng. Enc. Law (2d Ed.) pp. 332-334, and cases cited. It follows that the consequences of the absence of proof on the points mentioned would fall upon the plaintiff, if final judgment were to be ordered by us on this record. The statute (Rev. Codes 1899, section 5630) governing the trial and appeal of cases of this nature provides that "the Supreme Court * * * shall finally dispose of the same whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court; the Supreme Court may, however, if it deem such course necessary to the accomplishment of justice order a new trial of the action."

It is apparent that the absence of any definite proof as to when each of the several heirs of the deceased mortgagor left the state is due to the fact that neither the trial court nor counsel for either party deemed such evidence material. Under such circumstances it would be unjust to order final judgment on this appeal, and a new trial should be had.

The judgment appealed from is reversed, and the cause remanded for further proceedings in accordance with this opinion. The appellant will recover the taxable costs of this appeal.

Morgan, C. J., concurs.

YOUNG, J. (dissenting). We are all agreed that an action to foreclose a real estate mortgage is an action in personam, and that the statute of limitations, together with those provisions which suspend its running upon the death or absence of the person against whom the cause of action accrues, apply to it in like manner as to other personal actions. From this, in my opinion, the conclusion necessarily follows that this action is not barred.

The debtor died November 5, 1884. Subsequently administration was granted upon his estate, and on the date when his obligation matured, to wit, January 1, 1887, a personal representative stood in his place, and the statute commenced to run. Had the administrator continued to reside in the state, the action would have been barred at the expiration of ten years. The record shows that the administrator left the state in the middle of the year 1896. That was less than ten years, and approximately nine years and six months, before the bar of the statute would have fallen had he remained in the state. His departure from the state suspended the further running of the statute. This action was commenced before the appointment of the second administrator, and when it was commenced the statute had run but nine and one-half years. It was therefore brought within time, and is not barred.

I entirely disagree with my associates upon the fundamental principle upon which they rest their conclusion, i. e., that the cause of action accrued against the heirs. My views upon that question are set out at length in a dissenting opinion in Colonial & U. S. Mortgage Co. v. Northwest Thresher Co., 103 N. W. 915, and in Colonial & U. S. Mortgage Co. v. Flemington, Id. 929, in which opinions have just been handed down. They will not, therefore, now be repeated.

The judgment of the district court should be reversed, and judgment entered for the plaintiff as prayed for in his complaint.