[File No. 7050]

A. S. HUUS, Appellant, v. THEO. O. HUUS and Oscar G. Huus, Respondents.

(28 NW2d 385)

Opinion filed July 10, 1947

*R. E. Swendseid,* for appellant.
*Wyckoff & Schulte,* for respondent.

BURR, J.   January 18, 1928, the defendants gave Ex. 1, their promissory note for $100 to one Sven A. Huus who sold it to the plaintiff.   The note recites: "Nov 1st 28 after date we promise to pay to the order of Sven A. Huus One Hundred.. $\frac{no}{100}$ Dollars at 5% Int. . . . ."

In 1940 there was some correspondence between the plaintiff and the defendant Theo. Huus, regarding Ex. 1, and on December 5, 1940, Huus wrote to the plaintiff Ex. 2, as follows:

"Received your letter some time ago which was delayed.

Was sure surprised the other day to receive a letter from Attorney Swenseid of Stanley and summoned a day after

I wrote you at Hatton on Oct 26th and was waiting for an answer.

At that time I was waiting for my wheat Loan and did not know how much I would have left of same.

Now I know my doom: On the ¼ Section I rent, I get ½ or 516 bu. wht and after taking off combining the (Barnyard Loan) took all except $27.00

And on the Land I own the Federal Land Bank took about $300.00 with Taxes. So you see if we get a fair crop it does not mean much. All I have left now and for the coming year is the seed and some oats & barley of which to live on this winter from the latter.

Have two cows milking which furnish milk & cream & butter for my family of 6 and not eggs at this time of the year and no other income.

*I am sorry we could not pay you what you asked: but am willing to renew the note the best way we can*

Hope you will see into our situation. even with a fair crop at only 68¢ a bu. it did not leave anything extra after paying expenses and the big debts as we all have out here that has been piling up every year. . . . .''

The holder commenced action on the note, both defendants being served with the summons and complaint on November 30, 1946. The answer is a general denial coupled with the defense of the statute of limitations.

On the trial of the case the parties stipulated that the defendants signed Ex. 1, and plaintiff is the owner thereof; that Ex. 2 was received by plaintiff in due course of mail, and that the statements "I wrote you at Hatton on Oct 26th and was waiting for an answer"—and "At that time I was waiting for my wheat loan and did not know how much I would have left of same" referred to the note Ex. 1. The note and letter were received in evidence by stipulation. There is no stipulation nor any proof offered regarding any endorsement on the note nor was an endorsement on the note offered in evidence.

The only witness sworn was defendant Oscar G. Huus, who testified he never made any payment on the note nor authorized any payment to be made on the note.

The case was tried to the court and in Finding #4 the court set forth Ex. 2 in full. From this the court concluded, "that the written instrument mentioned and set forth in paragraph four of the FINDINGS OF FACT herein is not sufficient to toll and suspend the running of the Statute of Limitations."

The court ordered judgment dismissing the action with costs in favor of the defendants, and the plaintiff appealed.

The note involved is a joint note. Where one of the makers of a joint note pleads the statute of limitations in bar of the action against him a payment by one of the other joint debtors does not operate as a promise binding anyone except the debtor who makes or authorizes the payment and this rule is based upon the theory that the relationship of agency does not arise upon the mere relation of joint or joint and several debtors. Grovenor v. Signor, 10 ND 503, 510, 88 NW 278, 281.

In the case at bar the pleadings and the proof show that by November 28, 1934, the cause of action was barred as against both defendants there being no proof of any payment on the note though it bore an endorsement of $1.00 as of Dec. 4, 1940. It therefore became incumbent upon the plaintiff to show that the defendants had made the written acknowledgment or promise required by statute. See Paine v. Dodds, 14 ND 189, 199, 103 NW 931, 934.

It is not claimed the defendant Oscar G. Huus knew anything about Ex. 2, or authorized the same. Neither is it claimed he made any acknowledgment of the debt or any promise to pay the same. The judgment of the court in dismissing the action against Oscar Huus must be sustained.

For the required acknowledgment or promise the plaintiff relies solely on this sentence found in Ex. 2: "I am sorry we could not pay you what you asked: but am willing to renew the note the best way we can." This sentence must be interpreted in the light of the letter as a whole. Does the letter contain an unconditional promise to pay an outlawed debt or such written acknowledgment of an outlawed debt that it may be said an unconditional promise may be implied therefrom. There is no claim any condition was accepted.

The statute of limitations is: "a statute of repose. It is a statute enacted as a matter of public policy, to fix a limit in which an action must be brought or the obligation will be presumed to have been paid. The statute is intended to run only against those who are neglectful of their rights, and fail to use reasonable and proper diligence in the enforcement thereof. They are based on the presumption of law that, from the lapse of time, it is fair to presume that the debt has been paid." Burleigh County v. Kidder County, 20 ND 27, 34, 125 NW 1063, 1065. See also State v. Halverson, 69 ND 225, 227, 285 NW 292, 293.

The case involves the construction of § 28–0136 of the Rev Code of 1943, which provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby, but this section shall not alter the effect of any payment of principal or interest."

The language of this statute is in harmony with the language of the statutes in most of the states. It is practically the identical language of § 63 of the Code of 1868 at least. And the language has remained unchanged since the Code of 1877. Prior thereto Ch 8 was enacted at the first session of the legislature of Dakota Territory in 1862. Section 21 of the chapter provided: "In any case, founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made, an action may be brought on such case within the period prescribed for the same, after such payment, acknowledgment, or promise." This "period prescribed for the same" is found in § 11 and states it as six years. It will be noted the evidence of intent required of the debtor is stated in the alternative—"no acknowledgment *or* promise" etc.

Most jurisdictions appear to hold that "an unqualified acknowledgment" infers a "promise" and is sufficient to toll the statute. This inference however must be clearly deducible as a direct promise. Some seem to hold the terms "acknowledgment" and "promise" are synonymous and some that "acknowl-

edgment" and "promise" are separate and each must be in writing.

34 Am Jur 233, Limitation of Actions, sets forth this general rule in §§ 290 and 291: "that a new promise to pay a debt or an unqualified acknowledgment of a debt from which a promise to pay may be implied will take a case out of the statute, . . . . It is not, however, the mere acknowledgment of a subsisting indebtedness which removes the bar. Where a debt is admitted to be due, the law raises a promise to pay it. It is this new promise, either made in express terms or deduced from an acknowledgment, as a legal implication, which is to be regarded as reanimating the old promise. . . ."

In 37 CJ 1104, it is shown a promise preventing or repelling the bar of a statute "may be implied from a clear, unconditional admission of the existence of the debt at the time of such admission if it is unaccompanied by any circumstances which rebut such implication, such for example as . . . expressions indicating a mere willingness to pay at a future time, . . . ." At page 1108 the same authority shows, "The acknowledgment must, however, be distinct, unqualified and unconditional." It shows also, "A mere declaration of inability to pay a demand is not in itself sufficient to remove or toll the bar of the statute of limitations, . . . ." p 1111.

In Shaw v. Oliver, 112 Me 512, 514, 92 A 652, the court is construing this section of the Maine statute: "In actions of debt or on the case founded on any contract no acknowledgment or promise takes the case out of the operation hereof, unless the acknowledgment or promise is express, in writing and signed by the party chargeable thereby."

Section 100 found on page 736 of Code of 1903. The court says therein: "An erroneous interpretation of this statute seems often to have been made by assuming that the phrases 'acknowledgment' and 'express promise' as used in the statute are interchangeable terms and identical in meaning." The court shows that the acknowledgment is not necessarily a promise and that "acknowledgment of present indebtedness is only evidence from which a promise to pay may be implied."

In Haydon v. Williams, 7 Bing 163, 131 Eng Reprint 63, the alleged acknowledgment or promise to pay was set forth in a letter which contained this statement. "That he was incapable at that time to pay the money, but that he would pay it as soon as he had it in his power to do so." In the decision the court cited an earlier case wherein the defendant had written, "I cannot pay the debt at present but I will pay it as soon as I can." The court held there was no distinction between the effect of the expressions in the two cases, that the promise was a conditional one and is not such promise as takes the case out of the bar of the statute.

The middle ground holds that where there is an express acknowledgment of a debt due and unpaid and it is unconditional, a promise to pay the debt is implied. See CJ 1107 (§ 575). We need not determine whether the words "acknowledgment" and "promise" are synonymous, for if an acknowledgment be conditioned, minimized or lessened in effect it is not an express acknowledgment so as to constitute a promise.

An acknowledgment or promise need not be in any specific form. In Hoffman v. Ness, 71 ND 283, 291, 300 NW 428, 432, we hold that the renewal of a note is an acknowledgment of the debt, and of course the note is a promise to pay the debt.

In Reed v. Harris, 139 Me 225, 28 A2d 741, 743; and in Sutherland v. MacLeod, 311 Mass 295, 41 NE2d 9, 139 ALR 1375, it is shown that the general rule as to the effect of an unqualified part payment is based on the principle that part payment is in effect an acknowledgment of the debt and a promise to pay the same.

This court has not had occasion to pass directly upon the issue involved here, but in Rahilly v. O'Laughlin, 1 F2d 1, the Circuit Court of Appeals for the Eighth Circuit was required to interpret our statute and states, "The acknowledgment of a debt is not sufficient to remove the bar of the statute of limitations unless such acknowledgment is one from which a promise to pay is clearly inferable." The court also states, "To revive a debt barred by limitation, there must be an express promise of the debtor to pay the debt or else an express acknowledgment of

the debt from which a promise to pay is clearly to be inferred." In this federal case the debtor had stated he intended "to pay some of the debt, as soon as I can get enough ahead to do so. But I cannot make any promise as to time now. But I will pay all I can without fail." The letter relied upon was a later letter wherein he said, "When I am able to do something on that old affair, it will be done voluntarily. And I hope this time is not far off." The court held these were not such a promise as was required to remove the bar of the statute. The federal court says the letters, fairly construed, show a recognition of some kind of an indebtedness but, "That, however, is not sufficient to set aside the statute and create a new cause of action."

In Shepherd v. Thompson, 122 US 231, 237, 30 L ed 1156, 1157, 7 S Ct 1229, the Supreme Court of the United States sets forth and adheres to the doctrine which the court stated in Bell v. Morrison, 1 Pet (US) 351, 7 L ed 174, as follows: "If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate; and, if any conditions are annexed, they ought to be shown to be performed. If there be no express promise but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable and willing to pay. . . . ; if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, we think they ought not to go to a jury as evidence of a new promise to revive the cause of action." The opinion written by Justice Gray goes into a somewhat historical review of this statement as shown by the United States and English cases in interpreting this statute known as Lord Tenterden's act.

In Hanson v. Towle, 19 Kan 273, 281, the court holds: "A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference

to it, is not such an 'acknowledgment' as is contemplated by the statute. This must be an unqualified and direct admission of a present-subsisting debt on which the party is liable and which he is willing to pay."

In the Kansas case the debtor testified that he never promised to pay the notes "unless their allowance by the probate court should be procured first, and the demand thus be legally established against the estate." The Kansas court said the best construction the plaintiff could have on that statement was, "That there was a promise to pay upon certain conditions. Now before such a promise could be taken advantage of the conditions must exist." A letter from the debtor to the administrator refers specifically to the notes and stated: "I have no idea that you will allow amount due you to go unpaid, and so far as I am concerned have no disposition to do otherwise. . . . I have not raised money enough at any one time to meet your note, except at time of public sale; that was used to deed the claim, and this was to be done the first of anything. If you will have an instrument of writing made that will be satisfactory to you, until the money is raised, I will sign it. This is the only alternative except to enter the matter in court. . . . ."

The court said this statement was not sufficient to avoid the bar of the statute.

In Elder v. Dyer, 26 Kan 604, 607, 40 Am Rep 320, the supreme court of Kansas was interpreting the state statute of limitations which provides, that (1) the payment of principal or interest, or (2) the acknowledgment of an existing liability, or (3) any promise to pay the same would take the debt out of the operation of the statute of limitations, but the acknowledgment or promise must be in writing, etc. It is in effect the same as our § 28–0136 Rev Code 1943. The court set forth these three methods and held that where a defendant on a joint note, but in effect the surety on the note, wrote urging the payee to have the principal debtor get an endorser and said, "I do not want to be held longer on the note," he acknowledged "an existing liability upon the note" and so waived the benefit of the statute. In later decisions the court appeared to hold

otherwise. In Corbett v. Hoss, 98 Kan 290, 157 P 1195, the debtor's letter relied upon as removing the bar of the statute is as follows: " 'Yours letter of the 14th at hand and will say in reply that it is impossible for me to pay any on my account at present I am sorrow that I have got in such shape but I have done all that I can my beets did not make as much last year as I thought and they put me in the hole but I will try and scratch out if you will only be pacient with me I have no beets this year I put out lots of oats and barley and it is no good I cant get me seed back it looks discouring to me at present. I thank you for past favors and hope that I may be able to pay you soon.' "
The court held this was not a sufficient acknowledgment and promise. In this later case the Kansas court quoted with approval from Hamilton v. Beaubien, 92 Kan 944, 142 P 245, quoting from Hanson v. Towle, 19 Kan 273, supra.

In Wenz v. Wenz, 222 Mass 314, 110 NE 969, the court states: "It is a settled principle that in order to avoid the statute of limitations there must be either a new express promise to pay, or one which the law implies from an acknowledgment of the debt as a present indebtedness; and the promise, whether express or implied, must be unconditional, or there must be evidence that the condition has been performed."

As stated in Nixon v. Ramsey, 40 Cal App 240, 180 P 649, 650, "An acknowledgment to take the case out of the operation of the statute of limitations must be a distinct, unqualified, unconditional recognition of the obligation for which the person making such admission is liable." It is not merely an historical statement that at one time money was due and that it never was paid. It means an acknowledgment that there is a debt in existence which is to be paid. In this California case the creditor had written with reference to three notes signed by the defendant and asked that arrangement be made for payment and the debtor had replied, "It is impossible right at the Present time— For me to Pay any Part of the above amount—I hope to be able Some time Soon to hole thing up—I am not making any Promises—I hope to be able to Pay the hole thing up Some day."

There was no doubt an acknowledgment of the execution of the notes and that they were not paid so it was clear a debt existed but the court says that letter was not an "acknowledgment" of a debt within the contemplation of the statute sufficient to take the case out of the operation of the statute. The court says there was nothing in that letter "which can be construed as an unconditional promise on the part of Ramsey to pay the outlawed debt."

As said in Re Ewald, 174 Misc 939, 22 NYS2d 299, 303, "In order to constitute an 'acknowledgment' sufficient to revive right of action on a debt barred by limitations, the writing must recognize an existing debt and should contain nothing inconsistent with an intention on part of debtor to pay debt, and writing need contain nothing more than a clear recognition of claim as one presently existing. Civil Practice Act, § 59."

While there appears to be a well-defined agreement on the proposition that a promise can be inferred from an express acknowledgment there is hopeless confusion in regard to the words from which a promise is inferred or implied. From early times, statements similar to the following quoted are considered not to raise the bar of the statute. In Pierce v. Seymour, 52 Wis 272, 9 NW 71, 38 Am Rep 737, the debtor wrote: "I owe you some letters and some money . . . I do think I see my way clear to pay you the $200 and interest I owe you. . . . I am in hopes another two years will enable me, from my present income to clear off all pressing debts . . . . Rest assured that not a day of pecuniary freedom will pass over my head without you hearing from me."

In Sedgwick v. Gerding, 55 Ga 264, the debtor said: "You will please to withdraw your draft . . . upon me, as I cannot pay for the present. As soon as I have the money I shall remit." In Ayres v. Richards, 12 Ill 146, the agent of Richards showed Ayres the account and Ayres stated he thought the account was correct and that he would see his creditor and settle with him. The courts held these were not sufficient to raise the bar. Illinois stated: "An inference upon an inference would

be too unsubstantial for such a result." There are numerous cases along the same line, and probably as many which might interpret similar expressions as being sufficient.

In Leffek v. Luedeman, 95 Mont 457, 27 P2d 511, 513, 91 ALR 286, the debtor wrote to his creditor stating, "I am negotiating for the money to make settlement as promised, but there has been delays which I could not avoid. I am going to pay you as I said that I would, and to send the notes here will only ball things up" etc. In a later letter he stated "with a loan that I am promised from an intimate friend, I expect to be in a position to make a settlement with you in the early summer." The court held this was sufficient because there was an unqualified statement regarding a promise to make settlement and the intent to pay in accordance with the promise. On the other hand in Metropolitan Casualty Ins. Co. v. Davis (Tex Civ App) 174 SW2d 84, the court holds that a letter relied upon as taking the case out of the bar of the statute of limitations and which reads as follows: "Just received your letter, but I am sorry to have to tell you I cannot send you anything for the present," is not such an acknowledgment as satisfies the Texas statute which states, "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writting and signed by the party to be charged thereby."

The court says, "It is clear to us that the defendant's September letter standing alone, is not such 'an unequivocal acknowledgment of the indebtedness, or an unqualified promise to pay it, which will imply such an acknowledgment' as contemplated by the foregoing statute." In the Texas case the plaintiff relied solely upon this September letter although there were prior letters which showed several acknowledgments.

Wood on Limitations (p 211) summing up the situation, states: "The debtor, after the statute has run, is master of the situation." Hence, any condition he lays down must be accepted to bind him. In other words the test seems to be that if the

alleged willingness to renew the note remains in such a condition that the debtor would determine for himself whether he will renew, and on what conditions he would renew, then it is not such an explicit, unconditional promise as is required to remove the bar of the statute.

Ex. 2, taken in connection with the stipulation shows the defendant had in mind the note Ex. 1, and it may be said he admits it is a debt. It was therefore so acknowledged. If a promise to pay is to be deduced from this, the acknowledgment then it must be fairly implied from the contents of the letter. We cannot deduce such promise out of this statement relied upon: "I am sorry we could not pay," etc. Evidently the *we* refers to the joint makers. Giving the statement the widest scope consistent with reasonable and fair interpretation all that the defendant, Theo. Huus, states is that if Oscar would renew the note in a way satisfactory to the plaintiff then he was willing to renew in the best way he and Oscar could do. The future transactions he had in mind were limited to such a renewal of the note. How, when, for what amount, etc. do not appear.

The plaintiff claims this is such a written acknowledgment of the debt that clearly infers a promise to pay the debt, that the letter clearly and fairly implies the debtor intends to pay and agrees to pay. But the acknowledgment shows that the debtor is unable to pay, and merely intimates that he may pay or renew the debt if certain conditions are fulfilled. He retains to himself the power to determine whether he will pay or renew. There is no proof whatever of any proceedings to renew. Six more years passed by and suit was brought.

It cannot be said that there was a clear and unconditional promise to pay the debt. This statement falls far short of a reasonably well defined promise to pay or even to renew the debt or any part thereof.

The trial court was correct in holding that this was not a sufficient acknowledgment or promise in writing so as to remove

the bar of the statute of limitations and therefore the judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.