BANK OF NEVADA as Special Administrator of the Estate of JUAN RODRIGUEZ, Appellant, *v.* MAURICE H. FRIEDMAN and T. W. RICHARDSON, Respondents.

No. 5087

November 9, 1966

420 P.2d 1

[Rehearing denied December 8, 1966]

*Johnson & Steffen,* of Las Vegas, for Appellant.

*Samuel S. Lionel,* of Las Vegas, for Respondent Friedman.

*Coulthard & Smith,* of Las Vegas, for Respondent Richardson.

## OPINION

By the Court, THOMPSON, J.:

The main issue on this appeal is whether a resident defendant's temporary absence from Nevada tolls the running of the statute of limitations against a cause of action on a promissory note if service of process could have been effected, during the period of such temporary

absence, by leaving a copy of the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing there. Subordinate questions are also involved. The lower court ruled that the running of the statute was not tolled and entered summary judgment for each defendant.

The Bank of Nevada, as special administrator of the estate of Juan Rodriguez, filed suit on a promissory note against Richardson as maker and Friedman as guarantor. The note was dated February 1958, in favor of Rodriguez, payee, for $75,000, and was due 60 days after date. The day in February that the note was executed is not known. For the purposes of this case we shall assume that execution occurred on the last day of that month, February 28, thus making the due date April 28, 1958. The bar of limitations is 6 years, NRS 11.190,[1] requiring commencement of suit before April 29, 1964. Rodriguez died June 9, 1964. This suit was commenced November 6, 1964. Each defendant is a resident of Nevada. Each was temporarily absent from Nevada, on business or vacation, for 45 days during the 6-year period. If such temporary absence tolled the running of the statute, the time within which to file suit was extended beyond the date of Rodriguez' death and, by reason of his death, for the further period of one year, NRS 11.310(1),[2] that is until June 9, 1965. In such event, suit was filed in time. On the other hand, if such temporary absence of the defendants did not toll the running of the statute, the action is barred.

1. The tolling statute, NRS 11.300, provides: "If, when the cause of action shall accrue against a person, he be out of the state, the action may be commenced within the time herein limited after his return to the

---

[1]NRS 11.190 provides in part: "Actions * * * can only be commenced as follows: 1. Within six years: (a) * * * (b) An action upon a contract, obligation or liability founded upon an instrument in writing, * * *."

[2]NRS 11.310(1) reads: "If the person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time, and within 1 year from his death."

state; and if after the cause of action shall have accrued he depart the state, the time of his absence shall not be part of the time prescribed for the commencement of the action." The meaning of this statute was declared in Todman v. Purdy, 5 Nev. 238 (1869). The running of the statute is suspended when the person against whom the right of action exists is not within the jurisdiction of the state where it is to be brought. The temporary nature of the defendant's absence apparently made no difference. When Todman v. Purdy was decided service of summons had to be made upon the defendant personally. The law did not authorize an alternative method of service as it does now. NRCP 4(d)(6).[3] It is now permissible to leave a copy of the summons and complaint at the resident defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

Because provision is now made for an alternative method of serving process, it is urged that a resident defendant is not absent from the state, within the meaning of the tolling statute, if someone of suitable age and discretion is at his dwelling house or abode with whom process may be left. We are asked to apply the rationale of Cal.-Farm Ins. Co. v. Oliver, 78 Nev. 479, 375 P.2d 857 (1962). There service of process was effected under the nonresident motorist statute, NRS 14.070. At issue was whether the statute of limitations was tolled while the defendant was absent from Nevada. The court ruled that the statute was not tolled, stating at page 481: " 'The statute tolling the period of limitations as to those outside the state must be deemed to be limited by its clear and specific purpose so as to apply only to those who reside out of the state and who are not otherwise subject to service of process in the state. The fictional presence of a defendant by an agent, imposed by law

---

[3]NRCP 4(d)(6) reads: "In all other cases to the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."

upon the defendant, brings the defendant within the state for the purpose of service of process and the same fiction causes the period of limitations to run.' "

It has been held that the true test of the running of the statute of limitations is the liability of the party invoking its bar to the service of process during the whole of the period described. Dedmon v. Falls Products, Inc., 299 F.2d 173 (5th Cir. 1962). If there is continuous liability to service, the absence of the resident defendant would seem to be immaterial.

Continuous liability to service exists under the motorist statute, NRS 14.070, since the director of the department of motor vehicles, or his office, is available to accept process, and a question of fact on that score does not exist. Service in such case falls within the last proviso of NRCP 4(d) (6)—"to an agent authorized * * * by law to receive service of process." On the other hand, whether such continuous liability to service exists when considering service upon the defendant by leaving a copy of the process "at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," does present a fact issue since such a person may or may not be there to accept service. This difference, however, does not destroy the validity of the underlying rationale—that the running of the statute is not tolled if, in fact, the defendant is continuously liable to service. We hold that the temporary absence of a resident defendant from Nevada does not toll the running of the statute of limitations if, in fact, there was a person of suitable age and discretion residing at the defendant's dwelling house or usual place of abode, upon whom service of process could be made. Clegg v. Bishop, 105 Conn. 564, 136 A. 102 (1927) ; note 36 Yale L.J. 1025 (1927). The ancient expression of Todman v. Purdy, supra, is modified to this extent. Were we to rule differently, a defendant could be "present" for the purposes of being sued but not present for the purposes of the statute of limitations—an anomaly which we reject.

2. The 1951 legislature directed the Nevada Supreme Court to adopt and publish rules governing civil practice and procedure. NRS 2.120. Such rules "shall not abridge, enlarge or modify any substantive right * * *." The appellant suggests that NRS 11.300, the tolling statute, may not be interpreted in the light of NRCP 4(d)(6) without modifying a substantive right. We reject that suggestion. A statute of limitation affects the remedy and does not destroy the substantive cause of action. Wilcox v. Williams, 5 Nev. 206 (1869); Dubin v. Harrell, 79 Nev. 467, 386 P.2d 729 (1963) dictum. A claimant's right to a day in court is subject to reasonable procedural requirements.

3. The complaint was filed November 6, 1964, seeking to collect on a promissory note dated February 1958 and due April 28, 1958. It is evident from the face of that pleading that the cause of action is barred by limitations. Each defendant answered and pleaded the bar of limitations as an affirmative defense and later presented motions for summary judgment. When the complaint shows on its face that the cause of action is barred, the burden falls upon the plaintiff to satisfy the court that the bar does not exist. Sullivan v. Shannon, 25 Cal.App.2d 422, 77 P.2d 498 (1938); Paine v. Dodds, 14 N.D. 189, 103 N.W. 931 (1905); Huus v. Huus, 75 N.D. 392, 28 N.W.2d 385 (1947); 2 California Procedure, Witkin, at 1466.[4] Here the plaintiff relied upon the absence of each defendant to toll the running of the statute, and we must, therefore, review the record and determine whether the plaintiff met its burden.

Pursuant to NRCP 36 the plaintiff requested each defendant to admit absence from the state for 45 days between April 30, 1958, and April 30, 1964. Each defendant admitted such absence. However, the request for

---

[4]This situation is to be distinguished from the case where the complaint does not show that the cause of action is barred by limitations. When the bar of limitations does not appear from the face of the complaint, that issue becomes a matter of affirmative defense to be pleaded and established by the defendant.

admissions did not seek information as to whether a person of suitable age and discretion was at the defendant's dwelling house or place of abode during such absence. When faced with the defendant's motions for summary judgment, the plaintiff offered nothing to establish that process could not be served at Richardson's abode upon someone of suitable age and discretion residing therein. As to the defendant Richardson, the plaintiff failed to show that the statute of limitations had not run. Accordingly, the summary judgment for Richardson must be affirmed.

However, with regard to the defendant Friedman, the plaintiff offered affidavits in opposition to the motion for summary judgment. One of them, that of a maid of Friedman, states flatly that the Friedman residence was vacant during Friedman's absence from the state; that she took her vacation simultaneously with Mr. and Mrs. Friedman, and no one resided at the Friedman residence during that time. If believed, that affidavit rules out serving process upon someone of suitable age and discretion residing at the Friedman residence during the period of his absence from the state, and the tolling provision of NRS 11.300 would become operative. Though Friedman's affidavit disputes the verity of the maid's affidavit, a genuine issue of material fact is created on this point, precluding summary judgment. Dredge Corp. v. Wells Cargo, Inc., 80 Nev. 99, 389 P.2d 394 (1964).

4. A further point must be decided. Counsel for Friedman suggests that, if the statute of limitations bars relief against the maker of the note, the guarantor is automatically discharged from liability. The authorities are divided on this question. See Annot., 58 A.L.R.2d 1272. The majority of the cases hold that the bar of limitations with respect to an action against the debtor does not release or discharge the guarantor.

The guaranty in this case appears on the back of the note and reads: "I hereby guarantee payment of the within note. 2/ /58 [stet] Maurice H. Friedman." A contract of guaranty is a separate contract, and is to be

424

separately considered. Short v. Sinai, 50 Nev. 346, 259 P. 417 (1927) ; Bomud Co. v. Yockey Oil Co., 180 Kan. 109, 299 P.2d 72, 75 (1956). It may be written on the back of a promissory note, but its effect must be judged as a simple contract, just as if it were on a separate paper. The words used here do not indicate an intention on the part of Friedman to be bound as an endorser of the note rather than as a guarantor. Accordingly, we are not concerned with the provisions of the Negotiable Instruments Law relating to the discharge of persons secondarily liable. Therefore, it is possible for the bar of limitations to exist in favor of the maker of a note, and not exist as to the guarantor.

For the reasons mentioned, the summary judgment for Richardson is affirmed, and the summary judgment for Friedman is reversed because a genuine issue of material fact exists whether process could have been served upon someone of suitable age and discretion residing at his dwelling house during the period of his absence from the state.

COLLINS, J., and BREEN, D. J., concur.