891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Clyde NEAL, Plaintiff-Appellant,
v.
George SUMNER, et al., Defendants-Appellees.
 No. 89-15538.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Clyde Neal, a Nevada state prisoner, appeals the district court's dismissal of his action for deprivation of civil rights in violation of 42 U.S.C. Section 1983 without service and with prejudice. Neal contends that the district court erred in ruling that the applicable Nevada statute of limitations, Nev.Rev.Stat. § 11.190(4)(e)(1983), barred this action. Because the district court found that the complaint showed on its face that the action was barred, it dismissed Neal's claim without service pursuant to 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A ruling on the appropriate statute of limitations is a question of law that we review de novo. ( In re Hawaii Federal Asbestos Cases, 871 F.2d 891, 893 (9th Cir.1989). Under 28 U.S.C. § 1915(d), a district court may dismiss a frivolous in forma pauperis action sua sponte without service of process on the defendants. Franklin v. Murphy, 745 F.2d 1221, 1225-26 (9th Cir.1989). An action is frivolous "where it lacks arguable basis either in law or in fact." Neitzke v. Williams, --- U.S. ----, 109 S.Ct. 1827, 1831 (1989). We review district court dismissals of actions as legally frivolous pursuant to 28 U.S.C. § 1915(d) for an abuse of discretion. Shapley v. Nevada Bd. of State Prison Comm'rs., 766 F.2d 404, 406 (9th Cir.1985).
 
 
 4
 Neal is suing to recover monies deducted from his monthly wages, earned in a work-release program, for room and board expenses by Nevada prison authorities prior to his parole in August, 1982. This practice, done without statutory authority, was declared to be in violation of prisoners' procedural due process rights in Turner v. Nevada Board of State Prison Commissioner, 624 F.Supp. 318, 321 (D.Nev.1985). After revocation of his parole and remand to state custody in 1988, Neal learned of the Turner ruling. On February 1, 1989, he filed his complaint to recover the deducted funds pursuant to 42 U.S.C. § 1983. He contends that the applicable statute of limitations must be tolled under the delayed discovery rule of Nev.Rev.Stat. § 11.190(2).
 
 
 5
 Nevada's residual statute of limitations for personal injury actions, Nev.Rev.Stat. § 11.190(4)(e), applies to § 1983 actions arising in Nevada. Perez v. Seevers, 869 F.2d 425, 326 (9th Cir.) (per curiam) (citing Owens v. Okure, --- U.S. ----, 109 S.Ct. 573 (1989)), cert. denied, --- U.S. ----, 58 U.S.L.W. 3217 (1989). Nevada tolling provisions apply unless an important federal policy will be undermined by their application. See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464-65 (1975) (state tolling provisions apply unless important federal policy will be undermined). Nev.Rev.Stat. § 11.190(4)(e) provides that an action must be commenced within two years of the accrual of the cause of action.
 
 
 6
 Any cause of action available to Neal arose after the Turner decision, filed on December 13, 1985. Because Neal did not commence his action until February, 1989, over three years from the date of accrual, his claim is barred by Nev.Rev.Stat. § 11.190(4)(e) unless the limitations period is tolled. Under Nevada law, Neal has the burden of proving that the limitations period should be tolled. Bank of Nev. v. Friedman, 82 Nev. 417, 422, 420 P.2d 1 (1966).
 
 
 7
 Neal's attempt to come within Nev.Rev.Stat. § 11.190(2)(d) is unavailing. Section 11.190(2)(d) provides that, in actions based on fraud or mistake, the suit must be commenced within three years "but the cause of action in such a case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." Nev.Rev.Stat. § 11.190(2)(d)(1983). There is no analogous rule of delayed discovery in the limitations period applicable to this action, Nev.Rev.Stat. § 11.190(4)(e). Furthermore, even if there was an analogous tolling provision, the statute of limitations is not tolled by a party's ignorance of the law. Siera Pac. Power Co. v. Nye, 80 Nev. 88, 94-95, 389 P.2d 387 (1964) (mere ignorance of the existence of a cause of action for fraud will not postpone the operation of the statute of limitations if the cause could be discovered with the exercise of due diligence).
 
 
 8
 Because the limitations period is not tolled, Neal's action is barred by Nev.Rev.Stat. § 11.190(4)(e). Neal's complaint, as a result, has no basis in law or fact. Because dismissal of Neal's Section 1983 action pursuant to 28 U.S.C. § 1915(d) was not an abuse of discretion, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3