An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH S. CAMPBELL; AND DEBRA HORTON,
Appellants,
vs.
BELLI RANCH ESTATES ASSOCIATION, A NEVADA NON-PROFIT CORPORATION,
Respondent.

No. 65187

FILED

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a real estate declaratory relief action. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly granted summary judgment in favor of respondent. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). First, and assuming without deciding that respondent's claims are governed by NRS 11.190(1),[1] the record supports respondent's position that its claim against Campbell accrued in 2010 when respondent realized that Campbell's arbor was dilapidated to the extent that it violated the CC&Rs. *See Soper v. Means*, 111 Nev. 1290, 1294, 903 P.2d 222, 225 (1995) (recognizing that a cause of action for breach of contract accrues when the claimant "knew or should have known" of facts constituting a breach). Likewise, the record supports

---

[1]Appellants have not identified a shorter limitations period that they believe would be applicable.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15530

respondent's position that its claim against Horton accrued in 2008 when respondent realized that Horton had a strand of barbed wire on her fence in violation of the CC&Rs. *See id.* Because appellants have not identified in their opening brief or appendix[2] any evidence in the record that would have created a genuine issue of material fact as to the timeliness of respondent's claims, we conclude that summary judgment on that issue was proper.[3] *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) ("[I]f the nonmoving party will bear the burden of persuasion at trial, the party moving for summary judgment may satisfy the [summary judgment standard] by . . . pointing out . . . that there is an absence of evidence to support the nonmoving party's case." (internal quotation omitted)); *see also Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court,* 130 Nev. Adv. Op. No. 94, 338 P.3d 1250, 1254 (2014) (noting that the party asserting an affirmative defense bears the burden of proving each element of that defense); *Bank of Nev. v. Friedman*, 82 Nev.

---

[2]We have not considered the arguments made for the first time in appellants' reply brief, *see Francis v. Wynn Las Vegas, LLC*, 127 Nev. Adv. Op. No. 60, 262 P.3d 705, 715 n.7 (2011), including appellant Horton's attempt to rely on her affidavit as support for the untimeliness of respondent's claim against her. In any event, it is unclear whether this argument was even made in district court, as appellants have failed to include their summary judgment opposition or their supplemental opposition in their appellate appendix. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (recognizing that "appellants are responsible for making an adequate appellate record" and observing that when an appellant "fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision").

[3]In light of this conclusion, we need not consider whether the district court properly applied the continuing nuisance doctrine.

417, 422 n.4, 420 P.2d 1, 4 n.4 (1966) (recognizing the general rule that the statute of limitations is an affirmative defense).

Second, we reject appellants' contention that they produced evidence sufficient to create a question of fact regarding the viability of their affirmative defenses of estoppel, waiver, lack of uniform enforcement, and retaliation. In particular, appellants have not identified any evidence in the record to support a reasonable inference that respondent failed to enforce similar CC&R violations committed by other residents or that respondent was enforcing the underlying CC&R violations in retaliation against appellants. Horton's photographs of other barbed wire fences, combined with her unsubstantiated conclusions that those fences were governed by and violated the CC&Rs, was insufficient to create a question of material fact.[4] *See Wood*, 121 Nev. at 732, 121 P.3d at 1031 ("While the pleadings and other proof must be construed in a light most favorable to the nonmoving party, that party bears the burden to do more than simply show that there is some metaphysical doubt as to the operative facts . . . ." (internal quotation omitted)).

Appellants also contend that the district court erred in refusing to order the parties to return to non-binding arbitration. Having considered the basis for this contention that was made in district court, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), we

---

[4]Similarly, the inferences that appellants seek to draw from the isolated statements of Robert Spielman and Ron Savinski are not reasonable. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that, while inferences must be drawn in favor of the nonmoving party, those inferences must be reasonable).

conclude that this contention does not warrant reversal of the appealed judgment. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jerome Polaha, District Judge
David Wasick, Settlement Judge
Glade L. Hall
Kern & Associates, Ltd.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A