WIPF, Respondent, v. BLAKE, Appellant

(28 N. W.2d 881.)

(File No. 8924. Opinion filed September 24, 1947.)

**G. F. Johnson,** of Gregory, for Appellant.

**J. F. Frame,** of Burke, for Respondent.

HAYES, J.   Plaintiff brought suit in November, 1943, upon defendant's promissory note due and payable December 1, 1931.   After pleading the making and execution of the note, the assignment thereof to plaintiff and the absence of any payment thereon, the complaint alleges that on March 2, 1938, the defendant, by his instrument in writing, absolutely promised to pay the note.   Defendant's answer, in addition to specific denials, pleads the bar of the statute of limitations. A jury trial upon the issues thus presented came to a close as each party, after resting his case, moved for a directed verdict.   The trial court entered findings and judgment in plaintiff's favor.

The finding we review as challanged by defendant's assignments of error is that defendant in writing "acknowledged the debt and promised to pay the same."

The decision of the trial court reflected by the finding quoted in part above results from the legal interpretation placed upon a card postmarked March 2, 1938, written and signed by defendant and directed to an agent of plaintiff's assignor.   The body of said card is as follows:

"I received your letter and I am planning on making a settlement on this note as soon as I get the funds I will let you know as soon as I am in a position to do this."

We consider only the question whether the defendant's writing is such evidence as removes the bar of the statute under the provisions of SDC 33.0213.   We are not here called upon to decide the right of plaintiff to sue upon the alleged promise in writing other than the promissory note of defendant.   Defendant has not questioned the procedure by which plaintiff asserts rights under both the note and the card.

At the outset it must be conceded that the writing under consideration does not embrace words constituting an express promise to pay.   The defendant does not state: "I will pay you."   We must, therefore, determine whether the wording of the card constitutes such an acknowledgment as creates by implication a promise to pay.

An examination of the authorities discloses that the courts of this country and elsewhere have frequently been called upon to construe and interpret writings asserted to be acknowledgements within the meaning of SDC 33.0213 and similar statutes. Rarely, however, has this court had occasion to deal with the question.

■ In the recent case of F. M. Slagel & Co. v. Bushnell, 70 S. D. 250, 16 N. W.2d. 914, 156 A. L. R. 1070, this court adopted the rule that the implication of a promise from an acknowledgement of the existence of the debt is not warranted if there be anything in the terms of the writing which tend to repel such an inference or leave it in doubt. Guided by such ruling let us now examine the card before us.

The defendant wrote: "I am planning on making a settlement * * *." In other words he states: "I am contemplating" or "I am thinking about making" a settlement. The colloquial use of the word "planning" as found in the expression made by the defendant is said to include intending and proposing. See Webster's New International Dictionary, Second Edition. Given as synonyms of the word "contemplate" are the words "plan" and "consider." From this analysis of the particular expression we here consider, it is obvious that the words used by defendant evinced a state of mind yet uncertain but looking to a disposition of the note liability asserted against him. Should we resolve against defendant the uncertainty he expresses we must carry the contemplations of defendant to a positive conclusion and say to him that we have completed his thinking for him and that he must do that which he thought he might do when he wrote his thoughts on the card. To state that I am thinking about doing something is not at all the equivalent of a statement that I will do thus and so.

■ We quote from Wood on Limitations, Fourth Edition, Vol, 1, p. 385:
"It (the acknowledgement) must be consistent with a promise to pay, unqualified, clear, plain, unambiguous, and so distinct in its extent and form as to preclude hesitation as to the debtor's meaning, and so as to enable the court to apply its terms as the debtor intended they should be

applied. The laxity of the rules formerly existing operated as a virtual repeal of the statutes by judicial legislation, rather than a fair application of the rules of construction; and in this branch of the law the courts have exhibited more inconsistency and more proneness to go wrong, to carry out their notions of justice, than in any other since courts have existed. The rules stated do not preclude the raising of a promise from the recognition of a debt, where there is nothing said or done by the debtor inconsistent with an intention to pay it, but are calculated to effectuate the intention of the statutes, by giving the debtor the benefit of their protection, except in those cases where he has fairly deprived himself thereof, by having said or done that which the law can fairly regard as the foundation for an implied promise to pay the debt."

What is there stated by the author is fully sustained by the authorities. A further statement by that writer on page 361 appears also to us to furnish a proper guide in determining the problem presented by this case. We there find the following:

"It follows that three questions usually arise as to any alleged acknowledgment: First, is there an admission of the debt in question? second, is such admission narrowed by any qualification which rebuts the presumption of a promise, or subject to any condition on the fulfillment of which the implied promise is dependent? and, third, if there is a condition, has it been satisfied?"

Aside from the question whether or not the defendant's expression to the effect that he was considering making a settlement tends to rebut the presumption of a promise, it is plainly obvious that the proposed course of defendant was not unqualified or unconditional. "As soon as I get the funds" is the phrase of defendant by which he expressly imposed a condition. To this condition defendant added the qualification to the effect that he would notify the agent when he was able to make a settlement. In other words, defendant specifically reserved the right to decide when he was so situated as to be able to do that which he was then contemplating.

Should we adopt the plaintiff's position and the trial court's finding that defendant's writing is an acknowledgment such as to embrace therein by implication a promise to pay the debt we would then be constrained to hold that the same fixes no liability upon defendant unless or until it is first established that the condition imposed by defendant has been satisfied or fulfilled. See Notes in 27 L. R. A., N. S., 300; 94 A. L. R. 721; 102 Am. St. Rep. 751. See also Wood on Limitations, Fourth Edition, p. 407; 1 Williston on Contracts, § 182; 34 Am. Jur., Limitations of Actions, § 302. There is nothing in the record before us tending to establish the fulfillment of the condition under which defendant expressed an intention to make a settlement.

■■■ Again viewing defendant's writing as a whole, which must be done in an endeavor to find the basis which may lead to the inference of a new promise, it seems to us that the chosen expressions of defendant create a serious doubt respecting the propriety of such an inference. We cannot say that those expressions evince a willingness on defendant's part to make a new contract to pay the debt. Unless such willingness can be inferred from the whole writing the court cannot supply by inference the promise needed to enable plaintiff to recover in this action.

We have not overlooked the holding of this court in the case of Sundling v. Willey, 19 S. D. 293, 103 N. W. 38, 40, 9 Ann. Cas. 644. It was there held that an express promise to pay "as soon as possible" a debt discharged by bankruptcy was not by such quoted phrase rendered conditional. That case is clearly distinguishable from the one now before us. See notes, 9 Ann. Cas. 646, 75 A. L. R. 597.

In the recent case of Huus v. Huus, N. D. 28 N. W.2d 385, the Supreme Court of North Dakota reviewed the authorities at some length in determining that a letter expressing a willingness to renew a note barred by the statute was not such an acknowledgment as would remove the bar.

The judgment is reversed.